IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-690-SLR |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM ORDER

At Wilmington this 25th day of April, 2012, having reviewed Technology Innovations' complaint (D.I. 1) and Amazon.com's motions to dismiss (D.I. 7) and for sanctions (D.I. 14);

IT IS ORDERED that said motions (D.I. 7, 14) are denied without prejudice, as follows:

1. **Background**. On August 8, 2011, Technology Innovations, LLC ("plaintiff") filed the present patent infringement litigation against Amazon.com, Inc. ("defendant"). (D.I. 1) Plaintiff alleges infringement of two patents: U.S. Patent Nos. 5,517,407 ("the '407 patent") and 7,429,965 ("the '965 patent") (collectively, the "patents-in-suit"). (*Id.* at ¶ 7) The '407 patent was issued May 14, 1996 and is entitled "Device for Including Enhancing Information with Printed Information and Method for Electronic Searching Thereof." (*Id.* at ¶ 11) Pending before the court is defendant's motion to dismiss the '407 patent from the suit for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6), and motion for Rule 11 sanctions against plaintiff for inclusion of the '407 patent in this case. (D.I. 7, 14) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Plaintiff claims that defendant has "manufactured, used, offered for sale, and/or sold products, including but not limited to the Kindle, the Kindle 2, Kindle DX, Kindle 3G, the Kindle with Special Offers, other present and/or future versions of the Kindle, and textual and/or geographic information downloaded from Amazon to all such versions of a Kindle, either directly from Amazon or using devices other than Kindle via Amazon's Kindle Reading Applications in the United States, including in this judicial district," (hereinafter, generally, "the Kindle products"). (D.I. 1 at ¶ 29) Plaintiff asserts that the Kindle products infringe claim 24 of the '407 patent, which reads:

> 24. A book with integral machine readable memory accessible to a heterogeneous plurality of computers by way of a standard interface comprising:
>
> a plurality of pages of printed information;
>
> enhancing information stored in machine readable memory permanently attached to the book;
>
> a connector attached to the book for connecting the machine readable memory and external computing device; and
>
> machine operating instructions stored in the machine readable memory for controlling the operation of a computing machine attached to the connector.

('407 patent at col. 12:27-38) (*Id.* at ¶ 42) Figure 1 is a preferred embodiment illustrating the perspective view of an exemplary device in accordance with the '407 patent. ('407 patent at col. 6:25-30) Defendant argues that the complaint fails to allege sufficient facts to support a claim of infringement of the '407 patent. (D.I. 7)



FIG-1

3. **Standards**. In reviewing a motion to dismiss filed under Fed. R. Civ. P.
12(b)(6), the court must accept the factual allegations of the non-moving party as true
and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89,
94 (2007). A complaint must contain "a short and plain statement of the claim showing
that the pleader is entitled to relief, in order to give the defendant fair notice of what the
. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S.
544, 545 (2007) (interpreting Fed. R. Civ. P. 8) (internal quotations omitted). A
complaint does not need detailed factual allegations; however, "a plaintiff's obligation to
provide the 'grounds' of his entitle[ment] to relief requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do."
*Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should
assume their veracity and then determine whether they plausibly give rise to an
entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Such a
determination is a context-specific task requiring the court "to draw on its judicial

2

experience and common sense." (*Id.*)

4. At the pleading stage in a patent case, the information required by Form 18 has been deemed adequate notice to pass muster under Rule 8. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). In this regard, Form 18 requires that the following information be provided in a complaint for direct infringement: (1) an allegation of jurisdiction; (2) a statement that plaintiff owns each patent at issue and, for each such patent, its number, date of issuance, and the general invention described therein; (3) for each defendant accused of infringement, identification of the accused product, process or method[1] "that embod[ies] the patented invention;" and (4) a demand for relief, including injunctive relief and/or an accounting for damages.

5. **Discussion**. Defendant characterizes the issue in this case as "whether a Kindle e-reader[2] is a book, as one of ordinary skill in the art would understand that term in the '407 patent." (D.I. 8 at 3) Defendant argues that there is no possible construction for "book" that would cover a Kindle and, therefore, claim construction proceedings are not necessary and the '407 patent should be dismissed from the case. (*Id.*)

6. In its complaint, plaintiff contends that the inventor of the '407 patent, Michael L. Weiner ("Weiner"), knew that "entire printed works have been made available

---

[1]This court has previously held that a plaintiff must "specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos Communications, LLC v. Skype Technologies SA,* 686 F. Supp. 2d 465, 468 (D. Del. 2010).

[2]Defendant claims that the only Amazon product accused of infringing the '407 patent is the "Kindle e-reader." (D.I. 15 at 4) Hereinafter, the court will refer to this product simply as "Kindle."

3

electronically . . . usually small hand held computers known as electronic books." (D.I. 1 at ¶ 22) Plaintiff argues that the term "printed work" in the '407 specification is "a work of any configuration in which information is presented for direct human perception," and the term "book" encompasses "not only conventional books, but other forms of printed information." (Id. at ¶¶ 25, 26)

7. The court is not prepared to engage in a claim construction exercise, construing the claim terms "book" and "printed information," at this stage of the proceedings, with no context provided by discovery or a motion practice. See, e.g., Internet Media Corp. v. Hearst Newspapers, LLC, Civ. No. 10-690-SLR, 2011 WL 2559556, at *3 (D. Del. June 28, 2011); Deston Therapeutics LLC v. Trigen Labs. Inc., 723 F. Supp. 2d 665, 670 (D. Del. 2010); Progressive Casualty Insurance Co. v. Safeco Insurance Co., Civ. No. 10-1370, 2010 WL 4698576, at *4 (N.D. Ohio Nov. 12, 2010). The court may address with the parties an early claim construction of dispositive limitations once a full and fair exchange of fundamental documents has been accomplished. (See the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")," ¶ 4).

8. The court concludes that dismissing the complaint on the grounds that it fails to state a claim for direct infringement would be premature. Plaintiff has pled adequate notice for direct infringement required by Form 18. See McZeal, 501 F.3d at 1357. The complaint provides an allegation of jurisdiction. (D.I. 1 at ¶ 5) Plaintiff states that it owns the '407 patent, lists the patent number, date of issuance, and briefly describes the invention. (Id. at ¶¶ 7, 9, 11, 12) Plaintiff describes in detail defendant's products

4

that infringe the '407 patent and has demanded relief in the form of damages adequate to compensate for the infringement. (*Id.* at ¶¶ 29, 32, 33, 44) In light of the above, plaintiff's complaint passes muster under Rule 8.

9. **Motion for sanctions**. Rule 11 of the Federal Rules of Civil Procedure allows a court to sanction a party or attorneys under limited circumstances. A court can award sanctions if a party or attorney has presented a motion for an "improper purpose," the claims or defenses put forth in a motion are frivolous, the claims in a motion are not likely to be supported by the evidence after investigation, or a party wrongfully denies a factual allegation. *Brown v. Interbay Funding, LLC*, Civ. No. 04-617-SLR, 2004 WL 2579596, at *2 (D. Del. Nov. 8, 2004); *see* Fed. R. Civ. P. Rule 11(b).

10. Defendant moves for sanctions on the basis that there is no possibility of infringement of the '407 patent by the Kindle, either literally or under the doctrine of equivalents. (D.I. 15 at 5) The court declines to award sanctions at this stage of the proceedings, in light of the court's findings that plaintiff has properly pled allegations for direct infringement. However, as it appears from a plain reading of the '407 patent that a memory device "attached to a book" or "printed material" is claimed,[3] the court will entertain a renewed motion if it is later determined, after discovery and a full claim construction record, that plaintiff's assertion of the '407 patent against defendant's products was so lacking in merit that the imposition of sanctions is warranted.

11. **Conclusion**. For the aforementioned reasons, defendant's motions are

---

[3] Any characterizations of the '407 patent discussed above shall not be binding vis-a-vis the claim construction phase of this case.

5

denied without prejudice.

United States District Judge