**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **TECHNOLOGY INNOVATIONS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **C. A. No. 11-690-SLR** |
| **v.** | ) | |
| | ) | |
| **AMAZON.COM, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF TECHNOLOGY INNOVATIONS, LLC'S**
**REPLY BRIEF IN SUPPORT OF**
**MOTION TO DISMISS COUNTERCLAIM COUNT III BY AMAZON.COM, INC.**

George Pazuniak (#00478)
O'Kelly Ernst & Bielli, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801
Tel: 301-478-4230
Facsimile: (302) 295-2873
GP@del-iplaw.com

*Attorneys for Plaintiff Technology Innovations, LLC*

May 15, 2013

# TABLE OF CONTENTS


I. SUMMARY ........ 1

II. RESPONSE TO AMAZON'S FACT ARGUMENTS ........ 2

III. AMAZON ERRONEOUS ASSERTIONS OF THE LAW ........ 2

A. "Prevailing Party" ........ 2

B. Amazon Misreads *H. R. Techs., Inc. v. Astechnologies* ........ 4

C. 35 U.S.C. § 285 Cannot Be The Subject of A Counterclaim ........ 5

1) Language of Statute ........ 5

2) Rule 54 (d)(2)(A) ........ 5

3) Ripeness and Standing ........ 6

4) Amazon's District Court Cases Are Inapposite ........ 6

5) The Need for Dismissal ........ 8

IV. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

## Cases

*H. R. Techs., Inc. v. Astechnologies, Inc.*,

275 F.3d 1378 (Fed. Cir. 2002)........................................................................................ 4, 5

*In re Rivastigmine Patent Litig*.,

2007 U.S. Dist. LEXIS 28576 (S.D.N.Y. 2007)........................................................................ 7

*Private One of N.Y., LLC v. JMRL Sales & Serv*.,

471 F. Supp. 2d 216 (E.D.N.Y. 2007) ................................................................................... 7

*Shum v. Intel Corp*.,

629 F.3d 1360 (Fed. Cir. 2010)............................................................................... 3, 4, 7, 8

*Sony Elecs., Inc. v. Soundview Techs., Inc*.,

375 F. Supp. 2d 99 (D. Conn. 2005)..................................................................................... 7

## Statutes

35 U.S.C. § 285.......................................................................................................... passim

## Rules

Fed. R, Civ. P. Rule 54……………………………………………………………………….. passim

## I. SUMMARY

The answering brief of Defendant Amazon.com, Inc. ("Amazon") derides the motion to strike Amazon's Counterclaim III filed by Plaintiff Technology Innovations, LLC ("TI") as "frivolous." But, Amazon cannot answer TI's challenges on the merits, because TI's motion is founded on the proper interpretation of 35 U.S.C. § 285 ("§ 285"), Fed. R. Civ. P. Rule 54, principles of ripeness, and the general rule that pleaded claims are directed to independent causes of action and not to claims based on the pleadings themselves.

Amazon's arguments rest on fundamentally flawed assertions of law. Contrary to Amazon's argument, the Federal Circuit never upheld counterclaims for attorney fees under § 285. The Federal Circuit, however, recently confirmed unequivocally that each case has only one "prevailing party," who is determined only after all the properly pleaded claims are decided. While three district court cases seem to have permitted such counterclaims, they are in error, because they preceded and could not have complied with the Federal Circuit's governing interpretation of "*the* prevailing party." This Court should follow the recent Federal Circuit governing authority and the plain terms of the statute, rather than continue the error of now inapposite district court pronouncements.

In short, § 285 permits attorney fees only to "the prevailing party," which means *only* the one party that wins at the end of the case. Therefore: (a) a claim for attorney fees is not ripe until "the prevailing party" is identified; and (b) if attorney fees under § 285 are allowed to be pleaded as a claim, the result will be a preposterous circularity, because that § 285 claim will be part of the case, which cannot be decided until that claim is resolved, which cannot happen, because there is no prevailing party. Pleadings are directed to independent claims for relief, and not to the complaint *per se*.

## II. RESPONSE TO AMAZON'S FACT ARGUMENTS

Amazon devotes the first four pages of its brief to arguing why the Court should grant it attorney fees under § 285. The present motion and brief, however, is not the time or place to argue the merits of Amazon's request, because the issue is when and how that claim for fees must be raised, and not the merits. TI disagrees with the accuracy and completeness of Amazon's allegations, but the present motion is not the time or place to argue the merits. Those merits can be raised, and can only be considered, *if* Amazon is ultimately "the prevailing party."[1]

## III. AMAZON ERRONEOUS ASSERTIONS OF THE LAW

### A. "Prevailing Party"

The parties agree that the plain terms of § 285 permit only "the prevailing party" to recover fees:

> The Court in exceptional cases may award reasonable attorney fees to *the* prevailing party.

35 U.S.C. § 285 (italics added). The difference between the parties here is that Amazon now asserts that there can be more than one "prevailing party," and, specifically, that

> Amazon is in fact *a* prevailing party, at least with respect to the patent that is the basis of Amazon's counter claim ….

(D.I. 92 at 6) (italics added). Amazon tutors TI that "TI does not appear to understand that a 'prevailing party' may exist at other times besides solely at the conclusion of the entire case," and that:

> In fact, Amazon is already a prevailing party here, based on the dismissal of the '407 patent from the case. … Here, Amazon has prevailed because TI moved to withdraw its claim for infringement of '407 patent on May 30, 2012. (D.I. 44.)

---

[1] Amazon's request for attorney fees will need to be decided only if it is "the prevailing party," which means that it defeats the infringement allegations of U.S. Patent No. 7,429,965. If TI prevails on its infringement claim based on the '965 Patent, plaintiff will be "the prevailing party." "A party is not required … to prevail on all claims in order to qualify as the prevailing party under Rule 54." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367-68 (Fed. Cir. 2010).

> And, on April 2, 2013, TI filed a statement of non-liability regarding the '407 patent. (D.I. 82.)

(D.I. 92 at 9).

However, Amazon's view of this foundational law is dead-wrong, and without that erroneous foundation, Amazon's other arguments fall also. There is no "a" before "prevailing party." The statute reads "the prevailing party." There is only *one* "prevailing party" in a case, and the identity of that party is determined once all the properly-pleaded claims (original, counterclaims and third-party claims) are resolved. This is plain law that was most recently analyzed in *Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010) ("*Shum*"). In *Shum,* the Federal Circuit considered and squarely held that the term "prevailing party" in Fed. R. Civ. P. Rule 54 does not allow multiple prevailing parties based on outcomes, and that there can be only one "prevailing party" for "costs *and fees*," which is determined at the conclusion of the case. The Court held:

> Federal Circuit law defines "prevailing party" for the purposes of patent litigation. ….
>
> On appeal, Shum argues that it was error for the district court to declare both him and the defendants "prevailing parties" within the meaning of Rule 54(d)(1). We agree. ***
>
> The question … is whether Rule 54 limits how many "prevailing parties" there can be in a particular case. To answer that question, we begin with the text of the statute. Rule 54(d)(1) awards costs to "*the* prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added). In our view, the plain language of Rule 54 unambiguously limits the number of prevailing parties in a given case to one because the operative term, "prevailing party," is singular. Had Congress intended for there to be multiple prevailing parties, it could easily have said so, substituting "parties" for "party."
>
> Our conclusion that there can only be one prevailing party in a given case is reinforced by the use of the definite article "the" before "prevailing party." Alternatives like "a," "any," or "some" lead to phrases like "a prevailing party" and "any prevailing party." …. In our view, the word Congress did use, "the," is evidence that what follows, "prevailing party," is specific and limited to a single party. …. Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing

> party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.

*Shum,* 629 F.3d at 1366-67 (internal citations omitted; final emphases supplied). To be sure, *Shum* involved Rule 54, rather than § 285. However, this is a distinction without a difference. The statutory language is identical, as is the context. The *Shum* Court said "*the* prevailing party" can refer only to one party, and that analysis is independent of whether the issue is costs or attorney fees. Indeed, the Federal Circuit started its holding this way: "For the purposes of costs and fees, there can be only one winner." *Id*.

Thus, Amazon's underlying concept that it is already "*a* prevailing party" is directly contradicted by unequivocal governing authority. Without that false foundation, all of Amazon's arguments crumble.

**B. Amazon Misreads *H. R. Techs., Inc. v. Astechnologies***

Amazon argues that the "Federal Circuit has expressly ruled that a counterclaim under Section 285 is proper," citing *H. R. Techs., Inc. v. Astechnologies, Inc*., 275 F.3d 1378 (Fed. Cir. 2002) ("*H. R. Techs*."). (D.I. 6-7) The Federal Circuit held no such thing. *H. R. Techs* addressed a specific jurisdictional issue of "whether the district court erred in dismissing the action without prejudice because of the plaintiff's lack of standing." *H. R. Techs.*, 275 F.3d at 1384. *H. R. Techs*, which the Federal Circuit dubbed an "unusual case" (*Id*. at 1380), never considered the statutory language of "the prevailing party," never considered § 285 *per se*, and never expressly or even indirectly held that a counterclaim under § 285 was proper.

Amazon appears to have jumped at some ambiguous language in the decision to argue that the case had considered a specifically pleaded counterclaim for attorney fees under § 285. In fact, nothing in the Federal Circuit's 's decision actually addresses any pleaded counterclaim under § 285, and there was none. Attached as Exhibit 1 is the trial court docket sheet from PACER for *H. R. Techs.* The last Answer and Counterclaims pleading was D.I. 55, and that

document is attached as Exhibit 2. As can be seen, the Defendant's Answer and Counterclaims made a usual prayer for relief that included attorney fees under § 285, *but it pled no counterclaim for fees under § 285*.

Thus, although the Court appears to have applied the term "counterclaim" loosely to the prayer for relief asking for § 285 attorney fees, the Federal Circuit never discussed the viability of a § 285 counterclaim, never approved such a counterclaim, and, in fact, could not have upheld a § 285 counterclaim, *because there was none*. Nothing in *H. R. Techs* suggests, much less "expressly holds" (as Amazon put its) that a § 285 counterclaim is "proper."

The only pertinent authority is the plain language of § 285, and the unequivocal Federal Circuit confirmation in *Shum* that there can be only one "prevailing party" in a case, which is determined at the end of the case.

### C. 35 U.S.C. § 285 Cannot Be The Subject of A Counterclaim

#### 1) Language of Statute

Amazon asserts that "Nothing in the statute prohibits a counterclaim for fees under Section 285." (D.I. 92 at 5, 6) That statement, however, reverses the proper allocation of burdens. Amazon is the moving party with the burden of proof on any pleaded issue. Amazon must demonstrate that the statute, § 285, allows Counterclaim III. Amazon cannot do so, because nothing in the language of § 285 allows the filing of the counterclaim, and the language "the prevailing party" implies that the statute is directed to a Rule 54 application for attorney fees after the conclusion of the case.

#### 2) Rule 54 (d)(2)(A)

Rule 54(d)(2)(A) says:

> A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

Thus, consistent with *Shum*'s analysis, Rule 54 says that a claim for attorney fees **must** be made by **motion**. If a claim must be made by motion, then it is not made by or in a pleading. Thus, *Shum*, § 285 and Rule 54 are well harmonized. "The prevailing party" is determined after the issues in the pleadings are resolved, and then "the prevailing party" can only seek attorney fees by motion.

Despite the clarity of the statutory scheme, Amazon asserts:

> TI's reliance on Rule 54 is similarly misplaced. ****
>
> As with Section 285, nothing in the plain language of this rule prohibits a counterclaim for fees. Again, TI misses the point. While the prevailing party must move for attorney fees under Rule 54, it does not bar, or even discourage, a counterclaim for fees.

(D.I. 92 at 6). Amazon again ignores that the issue is not whether the Rule specifically prohibits pleading a § 285 counterclaim, but that Amazon cannot cite any statutory basis for doing so. Moreover, stating that a claim "must" be made by motion seems to prohibit the claim being made by other means, including by way of a counterclaim. Amazon simply does not attempt to reconcile the clear language of Rule 54 with its argument that one can seek attorney fees by a pleading.

**3) Ripeness and Standing**

Amazon has not responded to TI's argument in its opening brief that § 285 is not ripe for a pleaded claim, because counterclaims, like any other pleaded claim, are directed to independent bases for relief. (D.I. 89 at 5) Counterclaims cannot be directed to the pleadings themselves. A § 285 claim is simply not ripe for a pleading or other litigation processes, because "the prevailing party" does not exist. Otherwise stated, at this point, no one has standing to sue under § 285, because the identification of "*the* prevailing party" cannot yet be made.

**4) Amazon's District Court Cases Are Inapposite**

Amazon argues that "numerous district courts are in accord" with its position. (D.I. 92 at

7-8). The six cases cited by Amazon, however, do not and cannot support a § 285 counterclaim.

First, all six cases were decided before the Federal Circuit's holding in *Shum*, which explicated the phrase "the prevailing party." Thus, none of the cases could have considered the governing law, and none could be of any help for that reason alone.

Second, three of the six cases do not discuss or analyze a § 285 "counterclaim." Amazon simply mis-portrays these cases, as they had nothing to do with the present context of a party seeking to plead a claim for attorney fees under § 285. Thus:

- *In re Rivastigmine Patent Litig*., 2007 U.S. Dist. LEXIS 28576, 5-6 (S.D.N.Y. 2007): the issue was that Plaintiff wanted to dismiss its case, and the Defendants sought "the inclusion of language in any dismissal order making it clear … that the Court retains jurisdiction over the case for the purpose of adjudicating the defendants' demand for attorneys' fees." The only question was whether Defendants could seek attorney fees if they had not been requested prior to the motion to dismiss.
- *Private One of N.Y., LLC v. JMRL Sales & Serv*., 471 F. Supp. 2d 216, 224 (E.D.N.Y. 2007): the case was not a patent case, and did not involve § 285. The issue was the recovery of attorney fees as an element of contract damages.
- *Sony Elecs., Inc. v. Soundview Techs., Inc*., 375 F. Supp. 2d 99 (D. Conn. 2005): Amazon's citation to this case reverses the actual holding of the case, which actually supports TI's position. Specifically, the court stated that § 285 is NOT a proper basis for a counterclaim:

> This Court thus declines to read the Federal Circuit's discussion of Section 285 attorneys fees as a jurisdictional source as broadly as Sharp requests. …. Sharp has pled "exceptional case" not as a counterclaim, but rather as part of its prayer for relief.(fn 1)
>
> Fn. 1 While this Court acknowledges that it identified the issue as an "exceptional case counterclaim" in its Order of Stay Pending Appeal, the pleadings themselves nowhere describe exceptional case attorneys fees as a counterclaim. As reflected in Sharp's pleading, attorneys fees are more appropriately viewed as a remedy.

375 F. Supp. 2d at 101-102.

Finally, the three other district court cases may suggest that a pleaded counterclaim under § 285 is appropriate. However, with all respect to the district courts, the decisions were entered before *Shum*, and cannot be sustained under *Shum* and the plain language of § 285. Further, the decisions are based on the same misunderstanding of the *H.R. Techs*. decision, which, as noted previously, involved a prayer for relief under § 285, not a pleaded counterclaim.

**5) <u>The Need for Dismissal</u>**

TI explained why it is necessary to dismiss the potentially mischievous Counterclaim III. Contrary to Amazon's misconstruction of TI's argument, TI will have no problem addressing any claim for attorney fees that Amazon may make at the end of the case, if Amazon turns out to be "the prevailing party." The mischievous nature of the pleading, which Amazon has not – and cannot – answer is that one cannot determine who is "the prevailing party" until the case is over, but the case can never be over if there is a pleaded claim for attorney fees that is dependent on the determination of "the prevailing party."

Amazon argues that TI's motion is "futile," because TI concedes that "the prevailing party" may seek attorney fees at the end of the case, even if not pleaded. (D.I. 92 at 10-11) The Federal rules and statutes, however, are there for a reason. They should be followed, and not ignored simply because the end result is the same whether or not the rules and statute are followed. Amazon seeks anarchy, rather than the rule of law. Amazon's Counterclaim III asserts a statute improperly, ignores the provisions of Rule 54, pleads a claim that is directed to the Complaint itself rather than an independent basis for relief, and asserts a cause of action that is not ripe as a matter of law. Amazon's bullying "who cares" attitude to jurisprudence is not the tenor to be expected in this Court.

## IV. CONCLUSION

On the basis of the foregoing analysis of fact and law, Plaintiff TI respectfully requests that the Court grant its motion to dismiss Counterclaim III.

Respectfully Submitted,

Dated: May 15, 2013

*s/ George Pazuniak*
George Pazuniak (#00478)
O'Kelly Ernst & Bielli, LLC
901 N. Market St.
Suite 1000
Wilmington, DE 19801
Tel: 301-478-4230
Facsimile: (302) 295-2873
GP@del-iplaw.com

*Attorneys for Plaintiff Technology Innovations, LLC*

*Of Counsel:*

Daniel C. Cotman
COTMAN IP LAW GROUP, PLC
117 East Colorado Blvd., Suite 460
Pasadena, California 91105-1938
(626) 405-1413
Dan@cotmanip.com

Nelson E. (Nick) Brestoff
NELSON E. BRESTOFF, PLC
26340 Reuther Avenue
Santa Clarita, California 91350
Telephone (661) 312-8518
nickbrestoff@yahoo.com