IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-690-SLR |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this \5ᵗʰ day of August, 2013, having reviewed the materials in
connection with plaintiff Technology Innovations, LLC's ("TI's") motion to dismiss
counterclaim III of defendant Amazon.com's ("Amazon's") answer;

IT IS ORDERED that TI's motion (D.I. 88) is granted, for the reasons that follow:

1. **Background**. On August 8, 2011, TI filed the present action against Amazon
alleging infringement of U.S. Patent Nos. 5,517,407 ("the '407 patent") and 7,429,965
("the '965 patent"). (D.I. 1) The '407 patent, at issue here, claims an invention for
electronically enhancing printed information such as books and other printed
publications. (*Id.*) In its original complaint, TI alleged that Amazon's Kindle product
infringes claim 24 of the '407 patent. (*Id.* at ¶ 42)

2. Amazon responded to TI's original complaint with both a motion to dismiss
and a motion for sanctions under Federal Rule of Civil Procedure 11 based on the
parties' litigation history with respect to the '407 patent. (D.I. 7; D.I. 14) According to
Amazon, the parties had previously resolved, through conversations between counsel,

that TI would not pursue the '407 patent against Amazon in the Southern District of
Texas due to the high unlikelihood of infringement. (D.I. 8, ex. B; D.I. 14; D.I. 15 at 1-2)
TI does not dispute this characterization. On April 25, 2012, the court denied Amazon's
motions with the caveat that the court would consider a "renewed motion if it is later
determined, after discovery and a full claim construction record, that [TI's] assertion of
the '407 patent against [Amazon's] products was so lacking in merit that the imposition
of sanctions is warranted." (D.I. 39)

3. Subsequently, Amazon answered and filed its affirmative defenses and
counterclaims, including in its prayer for relief a request for costs and attorney fees.
(D.I. 40 at 18) TI answered the counterclaims and filed a motion to amend its
complaint. (D.I. 43; D.I. 44) The court granted TI's motion to amend on March 27,
2013 (D.I. 79) and, on that same day, TI filed its amended complaint removing all
allegations of infringement with respect to the '407 patent. (D.I. 80) TI further provided
a statement of non-liability for infringement of the '407 patent with respect to Amazon.
(D.I. 82) In granting TI's motion to amend, this court indicated that Amazon "shall file
an answer to the amended complaint . . . through which it may seek an award of
attorney fees pursuant to 35 U.S.C. § 285. If [Amazon] chooses to dismiss its
counterclaims, it may nonetheless raise them in support of its fees motion." (D.I. 79) In
its answer to the amended complaint, among several affirmative defenses, Amazon
included three counterclaims, wherein counterclaim III sought sanctions, including
attorney fees, pursuant to 35 U.S.C. § 285 for the frivolous assertion of the '407 patent.
(D.I. 83 at 13-17) Discovery has been completed and the parties have filed their joint
claim construction statement. (D.I. 25; D.I. 84)

4. **Standards**. In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations of the nonmoving party as true and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 663-64, 679.

5. **Discussion**. TI seeks dismissal of Amazon's counterclaim for attorney fees with respect to the '407 patent on the grounds that 35 U.S.C. § 285 does not provide a basis for an independent counterclaim, fees are not an appropriate issue to raise before trial, and the issue is not ripe because Amazon is not "the prevailing party" within the statute's meaning. (D.I. 89 at 1-2; D.I. 93 at 1) In response, Amazon argues that TI's motion to dismiss is "frivolous," a claim for fees need not be addressed at trial, the

patent code and Federal Rules of Civil Procedure allow for a counterclaim for fees (or

at least do not discourage one), and Amazon is a "prevailing party" within the meaning

of § 285.[1]  (D.I. 92 at 5-10)

6.  Under § 285, a "court in exceptional cases may award reasonable attorney

fees to the prevailing party." 35 U.S.C. § 285.  The Federal Circuit has never explicitly

addressed the propriety of a § 285 counterclaim but does not seem averse to it.  In *H.R.*

*Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378 (Fed. Cir. 2002), the Court

found that it was "not improper" for the defendant to assert § 285 attorney fees as a

counterclaim even though the defendant's noninfringement counterclaim had been

dismissed.[2] *Id.* at 1386.  Few district courts have squarely addressed whether a § 285

request may be brought as a counterclaim, and those that have indicate a lack of

consensus on the issue.[3] *Compare Sony Elecs., Inc. v. Soundview Techs., Inc.*, 375 F.

_____

[1]Amazon requests two determinations finding this case exceptional pursuant to §
285:  one with respect to the '407 patent and one with respect to the rest of the case.
Only the request concerning the '407 patent is at issue.

[2]TI avers that the § 285 request in *H.R. Technologies* was actually brought in the
prayer for relief, but it was also asserted in conjunction with the counterclaim for
noninfringement.  (*See* D.I. 93, ex. 2)

[3]Although defendant cites six cases for the proposition that courts have
"expressly" accepted § 285 counterclaims as proper (D.I. 92 at 6-8), at least four are not
on point.  *See In re Rivastigmine Patent Lit.*, Civ. No. 05-1661, 2007 WL 1154000, at
*7-9 (S.D.N.Y. Apr. 19, 2007) (holding that defendant's claim for attorney fees under §
285 may be **motioned** for separately, and need not be mentioned in pleadings,
because        § 285 attorney fees are not "special" under Fed. R. Civ. P. 9(g) nor are "an
element of damages" under Fed. R. Civ. P. 54(d)(2)(A)) (emphasis added); *Private One
of N.Y., LLC v. JMRL Sales & Serv., Inc.*, 471 F. Supp. 2d 216, 225-26 (E.D.N.Y. 2007)
(determining, in a non-patent case, whether a contract allows for recovery of attorney
fees); *Knauf Fiber Glass v. CertainTeed Corp.*, No. 02-1215, 2004 WL 771257, at *2
(S.D. Ind. Mar. 24, 2004) (assessing whether the court has jurisdiction over a § 285
counterclaim); *Quintet Films, Corp. v. Pinnacle Films, Inc.*, Civ. No. 06-78, 2009 WL

4

Supp. 2d 99, 102 n.1 (D. Conn. 2005) ("While this [c]ourt acknowledges that it identified the issue as an 'exceptional case counterclaim' in its Order of Stay Pending Appeal, the pleadings themselves nowhere describe exceptional case attorneys fees as a counterclaim. . . . [A]ttorney[] fees are more appropriately viewed as a remedy."), *with Great Lakes Intellectual Prop. Ltd., v. Sakar Int'l, Inc.*, Civ. No. 04-608, 2008 WL 148965, at *3-4 (W.D. Mich. Jan. 11, 2008) (finding that a request for attorney fees pursuant to § 285 is proper whether made by motion or counterclaim even though the Federal Circuit "has not spoken on the subject definitively" and only one case could be found upholding such a claim), *and In re Rivastigmine Patent Lit.*, 246 F.R.D. 428, 431-32 (S.D.N.Y. 2007) (holding that "there is no reason to preclude the defendants from adding a counterclaim for [§ 285] fees to their pleadings" because defendants did not request additional discovery related to the claim that would prejudice plaintiffs, the motion was not futile, and there was no undue delay). Because the court finds that § 285 sanctions are not proper in the unique circumstances of this case, the court need not resolve whether a request under § 285 may be raised as a counterclaim.

7. Traditionally, § 285 requests are determined by the court upon the resolution of all substantive issues in a patent case. *See Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 701 F.3d 1351, 1353 (Fed. Cir. 2012) (per curiam) (stating that § 285 "allows the award of attorneys' fees at the conclusion of the case"). This tradition is not without reason. The statute specifies, "the court in exceptional cases may award reasonable attorney fees." 35 U.S.C. § 285. The word "cases" indicates a limitation exists within

---

3053742, at *4 (E.D. Tenn. Sept. 18, 2009) (assessing whether the court has jurisdiction over a § 285 counterclaim).

5

the statute with respect to timing such that attorney fees are properly determined under § 285 once all of the substantive issues in a case reach resolution. *See Apeldyn Corp. v. AU Optronics Corp.*, Civ. No. 08-568, 2012 WL 1578420, at \*1 (D. Del. May 3, 2012) (denying a § 285 motion for fees after resolution of the substantive issues of inducement infringement, invalidity, and noninfringement through summary judgment and judgment in a civil case); *see also In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, Civ. No. 09-2118, 2012 WL 95592, at \*1-2 (D. Del. Jan. 12, 2012) (granting a § 285 motion for fees after a bench trial resolved the sole issue of infringement). A former iteration of the language of the statute indicated that "the court may in its discretion award reasonable attorney fees to the prevailing party upon the entry of judgment on any patent case," which also indicates that the prevailing party cannot be determined until the patent case is resolved in its entirety. 35 U.S.C. § 70 (1946), *amended by* 35 U.S.C. § 285; *see Turchan v. Cincinnati Milling Mach. Co.*, 208 F.2d 228, 229 (6th Cir. 1953) (indicating that the 1952 Patent Act revision that established 35 U.S.C. § 285 was based on the prior statute, 35 U.S.C. § 70). In *Highmark, Inc. v. Allcare Health Management Systems, Inc.*, 687 F.3d 1300 (Fed. Cir. 2012), the Federal Circuit found that individual claims could provide the basis for finding a case exceptional, but the determination was still made after the entire case was resolved and a prevailing party had been determined. *Id.* at 1308, 1311, 1319 (treating "separately the finding that infringement claim based on claim 102 rendered the case exceptional and the finding that the infringement claim based on claim 52 rendered the case exceptional").

6

8.  That a request pursuant to § 285 is only properly resolved at the end of a

case is further supported by the Federal Circuit's guidance on the meaning of "the

prevailing party" in a patent case.  Under § 285, only "the prevailing party" may request

that a case be deemed exceptional.  35 U.S.C. § 285.  The Federal Circuit has held

that, "for the purposes of patent litigation[,] . . . there can only be one prevailing party in

a given case [because of] the use of the definite article 'the' before 'prevailing party.'"

*Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (emphasis added).[4]  Though

*Shum* construed the term's meaning under Rule 54(d), both § 285 and Rule 54

expressly permit "the prevailing party" to receive attorney fees at the end of a case.

*See* 35 U.S.C. § 285; Fed. R. Civ. P. 54(d)(2)(B)(i) (requiring the motion for fees be

made within 14 days of judgment).  Therefore, it follows that attorney fees pursued

under § 285 can only be awarded after the substantive issues in the case have been

resolved and the prevailing party has been determined.  *Cf. Enzo Biochem, Inc. v.

Calgene, Inc.*, 188 F.3d 1362, 1380-81 (Fed. Cir. 1999) (vacating the district court's

finding that the case was exceptional because the court made the determination before

ruling on the inequitable conduct issue).

---

[4]The "prevailing party" in patent litigation is established when relief "materially
alter[s] the legal relationship between the parties by modifying one party's behavior in a
way that 'directly benefits' the opposing party."  *Shum*, 629 F.3d at 1368.  A material
alteration has been construed to mean that there has been a "judicially sanctioned
change in the legal relationship of the parties."  *Highway Equip. Co. v. FECO, Ltd.*, 469
F.3d 1027, 1034 (Fed. Cir. 2004) (finding a voluntary dismissal with prejudice
sufficiently altered the parties' legal relationship); *see also Rice Servs., Ltd. v. United
States*, 405 F.3d 1017, 1027 (Fed. Cir. 2005) (finding plaintiff was not a prevailing party
because "the government had voluntarily abandoned its position"); *Manildra Milling
Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (finding an alteration
exists when there is a "judgment for damages").

9.  To the extent Amazon seeks § 285 attorney fees for the '407 patent claims separately from § 285 attorney fees for the claims related the '965 patent, the § 285 counterclaim fails to state a claim.  Therefore, the court grants TI's motion to dismiss counterclaim III.

10. However, the court acknowledges the motivations behind Amazon's counterclaim.  In contrast to § 285, Federal Rule of Civil Procedure 11 states, "[i]f, after notice and a reasonable opportunity to respond, the court determines Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  Further, "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b))."  *Id.* 11(c)(3).  Rule 11 is not circumscribed by the time-oriented limitations of § 285.  *See, e.g.*, *Brown v. Interbay Funding, LLC*, Civ. No. 04-617, 2004 WL 2579596, at *2 (D. Del. Nov. 8, 2004) (considering Rule 11 sanctions before judgment was rendered against plaintiffs).  Rule 11 sanctions may be imposed by the court if a claim is asserted for an improper purpose, is frivolous, or is based on factual contentions that are not likely to be supported by the evidence after discovery.  Fed. R. Civ. P. 11(b); *see Brown*, 2004 WL 2579596, at *2.  A court considering sanctions must provide "notice and a reasonable opportunity to respond."  Fed. R. Civ. P. 11(c)(1).  The Third Circuit has instructed that such notice should disclose to the party:  "'1) the fact that Rule 11 sanctions are under consideration, 2) the reasons why sanctions are under consideration, and 3) the form of sanctions under consideration.'"  *O.R. v. Hutner*, 515 F. App'x 85 (3d Cir. 2013) (quoting *Simmerman v. Corino*, 27 F.3d 58, 64 (3d Cir.

1994)).

11.  Here, Amazon previously motioned for Rule 11 sanctions on October 27,

2011 against TI  because of the parties' previous history in another district with respect

to the '407 patent and the same allegedly infringing product – the Kindle.  (D.I. 14; D.I.

15)  On April 25, 2012, Amazon's motions were denied with the caveat that the court

would entertain a renewed Rule 11 motion, if merited, after discovery and a full claim

construction record.  (D.I. 39 at 5) TI continued to assert the '407 patent at least until

May 30, 2012 when it motioned to amend its complaint to completely remove the '407

patent from the suit.  (D.I. 44, ex. 1)  Defendant was required to answer the original

complaint, file counterclaims, and cooperate with discovery requests related to the '407

patent from August 8, 2011 at least until that date.  (D.I. 40; D.I. 92 at 4)  As a result,

the court finds that there is a basis for considering Rule 11 sanctions for attorney fees

against TI for its assertion of the '407 patent.[5]

THEREFORE, IT IS FURTHER ORDERED that TI shall show cause, on or

before September 12, 2013, why its assertion of the '407 patent in its original complaint

was proper under the requirements of Rule 11(b).  Amazon may respond to such on or

---

[5]The court recognizes that, in its order dated March 27, 2013, it instructed
Amazon that a "fees motion" related to TI's assertion of the '407 patent was permissible
and included a reference to 35 U.S.C. § 285.  (D.I. 79)  Under the circumstances of this
case and given the court's previous instruction regarding sanctions (D.I. 39), the court
finds that, to the extent Amazon seeks attorney fees in connection with the '407 patent
before the claims related to the '965 patent are resolved, such a request for
recompense should be addressed under Rule 11.

9

before September 30, 2013.

United States District Judge