IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs.- ) <br> ) <br> AMAZON.COM, INC., ) <br> ) <br> Defendant. ) <br> ) <br> ) | The Honorable <br> Sue L. Robinson <br><br> No. 1:11-cv-00690 (SLR) <br><br> JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF THE MOTION
OF AMAZON.COM, INC. TO EXCLUDE TESTIMONY
AND EVIDENCE OF DR. CONTE AND MR. MCCOURT**

                                                Richard Horwitz
                                                rhorwitz@potteranderson.com
                                                POTTER ANDERSON & CORROON LLP
                                                1313 North Market St.
                                                Wilmington, DE 19801
                                                Telephone: (302) 984-6027
                                                Facsimile: (302) 658-1192

*Of Counsel*:                                                          Counsel for Defendant
                                                                       AMAZON.COM, INC.
Thomas G. Pasternak
tpasternak@steptoe.com
Amanda K. Streff
astreff@steptoe.com
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370


September 3, 2013

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ................................................................................................1

ARGUMENT .....................................................................................................................................1

I.   DR. CONTE IS NOT QUALIFIED AND HIS OPINIONS ARE UNRELIABLE. ..................................................................................................................1

    A.   This Case is About Purely Mechanical Concepts. ..................................................1

    B.   Dr. Conte Lacks Expertise Related to His Proposed Testimony. ...........................2

    C.   Dr. Conte's Opinions Are Unreliable......................................................................5

    D.   Dr. Conte Did Not "Use Many Sources of Information." ......................................6

II.  MR. McCOURT'S OPINIONS ON INFRINGEMENT, VALIDITY AND THE LEVEL OF SKILL IN THE ART ARE NOT TECHNICAL OPINIONS. ................7

CONCLUSION ..................................................................................................................................8

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Callaway Golf Co. v. Acushnet Co.*,
 C.A. No. 06-91-SLR, 2007 WL 4165401 (D. Del. Nov. 20, 2007) .......................................... 6

*In re Katz Interactive Call Processing Patent Litig.*,
 No. 07-ML-01816-B-RGK, 2009 WL 3698470 (C.D. Cal. Mar. 11, 2009) ........................... 7

*Invista N. Am. S.A.R.L. v. M&G USA Corp.*,
 Civ. No. 11-1007-SLR-CJB, 2013 WL 3216109 (D. Del. June 25, 2013) ............................. 5

*John Hopkins University v. CellPro, Inc.*,
 931 F. Supp. 303 (D. Del. 1996) ............................................................................................. 5

*Martek Biosciences Corp. v. Nutrinova, Inc.*,
 579 F.3d 1363 (Fed. Cir. 2009) ............................................................................................... 6

*Mercado v. Ahmed*,
 974 F.2d 863 (7th Cir. 1992) .................................................................................................. 7

*Mytee Products, Inc. v. Harris Research, Inc.*,
 439 F. App'x 882 (Fed. Cir. 2011) ......................................................................................... 3

*Pineda v. Ford Motor Co.*,
 520 F.3d 237 (3d Cir. 2008) ................................................................................................... 3

*SEB S.A. v. Montgomery Ward & Co.*,
 594 F.3d 1360 (Fed. Cir. 2010) ............................................................................................... 3

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
 550 F.3d 1356 (Fed. Cir. 2008) ............................................................................................... 4

*Thomas & Betts Corp. v. Richards Mfg. Co.*,
 342 F. App'x 754 (3d Cir. 2009) ....................................................................................... 3, 4

*Yoon Ja Kim v. ConAgra Foods, Inc.*,
 465 F.3d 1312 (Fed. Cir. 2006) ............................................................................................... 6

**RULES**

Fed. R. App. P. 32.1 ........................................................................................................................ 4

Defendant Amazon.com, Inc. submits this reply in support of its motion to exclude the testimony and evidence of Plaintiff Technology Innovations LLC's ("TI") two technical experts, Dr. Thomas Conte and Michael McCourt, whose proposed testimony is neither reliable, relevant, nor admissible.

**SUMMARY OF ARGUMENT**

1.  The only technology issues in this case relate to *mechanical* aspects of consumer electronic display technology. TI relies upon Dr. Conte for his technical opinions on these issues; *e.g.*, whether the Kindle displays are flexible and whether they contain an apparatus that is embedded "permanently" in a substrate. But Dr. Conte's sole expertise lies in electrical and computer engineering, not in display construction or mechanics. His education, training, and experience do not qualify him to opine on these purely *mechanical* issues.

2.  Dr. Conte also failed to examine or test the accused devices. His opinions rely primarily upon two YouTube videos in which others disassembled two of the Kindle products. These videos cannot form the basis for meaningful expert opinions.

3.  TI had Mr. McCourt opine not on technical issues, but on the ultimate legal issues here: validity and infringement. These opinions required Mr. McCourt to apply law to fact. But Mr. McCourt admittedly was not instructed on the relevant law. He conceded that he applied no relevant legal principles in reaching his conclusion that the '965 patent is valid and infringed.

**ARGUMENT**

**I. DR. CONTE IS NOT QUALIFIED AND HIS OPINIONS ARE UN-RELIABLE.**

   **A. This Case is About Purely Mechanical Concepts.**

In its opposition brief, TI tries to recast the technical issues in this case as relating to the ways in which a digital recording medium and a display may change state in response to a signal.

(TI Resp. 9.) As the parties' summary judgment and *Markman* briefs reflect, however, *electric* "signal response" has nothing to do with this case. The "technology" at issue in this case is purely *mechanical*.

First, Amazon's Motion for Summary Judgment of Noninfringement addresses the fact that the accused Kindles have neither a flexible substrate display nor an apparatus permanently embedded in a substrate. (D.I. 112.) These concepts are purely *mechanical*.

Second, Amazon's Motion for Summary Judgment of Invalidity argues that the terms "apparatus" and "permanently embedded" are indefinite, and that the asserted claims read onto the prior art despite TI's argument that the prior art apparatuses are not embedded "permanently" enough. (D.I. 108.) These concepts are purely *mechanical*.

Third, all of the disputed claim terms (*e.g.*, "flexible substrate display," "an apparatus permanently embedded in a substrate," "display on an exposed surface," *etc.*) involve purely *mechanical* concepts.

Dr. Conte's experience in electrical and computer engineering does not qualify him as an expert on these mechanical subjects. TI has failed to demonstrate that Dr. Conte has any special expertise in the *mechanical* aspects of consumer electronics, the relevant expertise in this case. (TI Resp. 7.) TI cannot salvage Dr. Conte's testimony by suggesting that this case somehow relates to signal processing technology.

### B. Dr. Conte Lacks Expertise Related to His Proposed Testimony.

TI responds to Amazon by arguing that courts regularly admit "experts that may not have specific training, education, or expertise in a particular area." (TI Resp. 7.) It cites cases where experts who lacked expertise in a particular area nonetheless were qualified to opine on other topics that fell within their expertise. (TI Resp. 7-8.) But TI's arguments and cases do not apply

- 2 -

here, where TI has offered Dr. Conte's opinions on mechanical issues that fall entirely outside his experience, education, and expertise.

For example, in *Pineda v. Ford Motor Co.*, 520 F.3d 237 (3d Cir. 2008), the court held that the expert should not be excluded for lacking expertise in safety warnings because he did not purport to opine on how the warnings should be worded or how they should appear. *Id*. at 245. Rather, his testimony was limited to material failure technology, in which he had adequate expertise. *Id.* Dr. Conte, by contrast, has offered opinions on mechanical concepts, on which he lacks expertise.

Likewise, in *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1373 (Fed. Cir. 2010), the expert did not lack expertise in the technology issues on which he opined. There, the defendant argued that SEB's expert should be precluded from testifying about infringement because he lacked expertise in the art of designing deep fryers. *Id.* at 1372-73. But the court concluded that SEB's expert was *not* testifying about deep-frying *per se*, and it allowed him to testify on thermal bridges—a topic on which he had expertise. *Id*. at 1373. By contrast, TI offers no testimony on electrical engineering technology, which is Dr. Conte's alleged area of expertise.

The same principle applies in the *Mytee Products Inc.* and *Thomas & Betts* cases. In the former, the proposed expert lacked experience in the carpet cleaning industry, but (unlike Dr. Conte) had experience with mechanical devices and, therefore, was qualified to opine on that topic. *Mytee Products, Inc. v. Harris Research, Inc.*, 439 F. App'x 882, 884-85 (Fed. Cir. 2011).[1] *In Thomas & Betts*, the Court held that it was error to exclude certain testimony merely because the expert was not the "best qualified" expert, when he did have extensive expertise in

---

[1] The *Mytee* decision is unpublished or non-precedential, and may not be cited as precedent. Fed. R. App. P. 32.1.

the relevant technology (rubber injection molding). *Thomas & Betts Corp. v. Richards Mfg. Co.*, 342 F. App'x 754, 761 (3d Cir. 2009).

TI also suggests that Dr. Conte has "display" experience, arguing that "Dr. Conte does indeed have expertise and experience with cellular telephones, papers, [sic] and personal digital assistants—*all of which have displays*." (TI Resp. 9.) But Dr. Conte's experience with devices that have displays does not mean that he has any expertise in the *mechanical* aspects of those displays, *i.e.*, how displays are assembled or whether their components are embedded within their cases or substrates. TI could not identify *any* specialized knowledge, education, training, or experience that Dr. Conte has with any of these purely mechanical concepts. (*See* D.I. 105, at 9.)

Along the same tack, TI recites Dr. Conte's work experience at BOPS and NCR. (TI Resp. 8.) While Dr. Conte may have *electrical* engineering experience with the design of the *microprocessor chips* that are ultimately used in cellular telephones, pagers, and PDAs (*id.* at 8-9), TI fails to explain why that qualifies him to testify about the *mechanical* aspects of flexible substrate displays or embedding one structure in another. By TI's logic, in a case about automotive-dashboard LCD screens, a mechanic with vast experience repairing car engines could testify as an expert because he knows about cars generally. The relevant technology here is not simply the display products themselves, but specific mechanical issues relating to these products. And with respect to those issues, Dr. Conte's testimony would be no better than any law witness, and thus would create the very prejudice and confusion that *Daubert* seeks to avoid.

The more pertinent authority in this case is *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008). There, the Federal Circuit reversed a district court for allowing an unqualified expert to testify on noninfringement and invalidity. *Id.* at 1361. Although the expert lacked "the relevant expertise in the pertinent art," the district court had permitted him to

offer opinions on "how the disclosed invention, accused system, and prior art operate, including opinions as to the noninfringement and invalidity." *Id.* at 1362. The Federal Circuit noted that "[a]dmitting testimony from a person such as [this expert], with no skill in the pertinent art, serves only to cause mischief and confuse the fact finder." *Id*. TI's use of Dr. Conte's testimony would amount to similar mischief and conduction.

### C. Dr. Conte's Opinions Are Unreliable.

Dr. Conte's opinions on the "permanently embedded" limitation are unsupportable because Dr. Conte failed to physically examine or test the accused products themselves. Although TI argues that "a patentee may prove infringement by any method of analysis *that is probative of a fact of infringement*,"[2] TI fails to explain how Dr. Conte's anecdotal method is probative. In the *Invista* case, by contrast, the court determined that the technical data relevant to the infringement issue was reflected in the defendant's "core technical documents," which the expert reviewed and analyzed. *Invista N. Am.*, 2013 WL 3216109, at *4. Here, by contrast, the Amazon technical documents on which Dr. Conte relied do not address the "permanently embedded" issue. And Dr. Conte failed to examine or test the products themselves.

TI also relies upon *John Hopkins University v. CellPro, Inc.,* 931 F. Supp. 303, 319 (D. Del. 1996). There the court held that the plaintiff did not need to test the products to prove infringement because relevant technical documents established that the accused devices met the claim limitation of achieving "suspensions of stem cells of 90% or greater purity." *Id*. at 319. In the present case, by contrast, no documents demonstrate that the accused Kindles contain anything that is permanently embedded.

---

[2] TI Resp. at 10 (citing *Invista N. Am. S.A.R.L. v. M&G USA Corp.*, Civ. No. 11-1007-SLR-CJB, 2013 WL 3216109, at *4 (D. Del. June 25, 2013)) (emphasis added).

TI fails to justify Dr. Conte's reliance on YouTube videos to support his opinions. As noted in the *Callaway Golf Co.* case an expert ordinarily cannot testify about specific testing in which he was uninvolved. *Callaway Golf Co. v. Acushnet Co.*, C.A. No. 06-91-SLR, 2007 WL 4165401 (D. Del. Nov. 20, 2007) (cited at TI Resp. 11). Dr. Conte relies upon two YouTube (in which the narrator disassembles a Kindle device) in opining that every accused Kindles device contains an apparatus that is embedded "permanently" within a substrate. Yet, Dr. Conte did not participate in or supervise the disassembly, much less examine the disassembled parts. (D.I. 105, Ex. E, Conte Dep., at 25:21-26:18.) Dr. Conte's observations regarding a third party's effort to disassemble but two of the accused devices do not provide meaningful expert guidance for the Court.

The *Martek* case on which TI relies (TI Resp. 12) is distinguishable. The expert there proved infringement by analyzing the accused process. *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374 (Fed. Cir. 2009). The court contrasted the *Martek* case with *Yoon Ja Kim v. ConAgra Foods, Inc.*, 465 F.3d 1312 (Fed. Cir. 2006), where the plaintiff failed to support its infringement case with expert tests or examination of the accused products. *Id.* at 1320. This case is similar to *Kim*, not *Martek,* because Dr. Conte failed to support his opinions by testing or examining the accused products.

### D. Dr. Conte Did Not "Use Many Sources of Information."

TI claims that "Dr. Conte Used Many Sources of Information" (TI Resp. 14), reciting an extensive laundry list of materials. But the *only* materials on the list that relate at all to the accused products themselves are the two YouTube videos. The sheer length of Dr. Conte's list cannot convert irrelevant materials into relevant ones.

TI also offers no support for Dr. Conte's self-serving assertion that his testing would pass peer-review, which is all that the law requires. (TI Resp. 5.) And this argument in any event misses the point. The question is not whether experts in the consumer electronic display field typically rely upon anonymous YouTube videos in assessing mechanical aspects of display devices. The question is whether this expert can provide a meaningful opinion on the assembly and mechanical function of an accused consumer product without so much as examining the accused device. Kindle devices are easy to find and they are relatively inexpensive. An expert in a federal patent case has no excuse for offering opinions on consumer devices that he has never bothered to examine.

## II. MR. MCCOURT'S OPINIONS ON INFRINGEMENT, VALIDITY AND THE LEVEL OF SKILL IN THE ART ARE NOT TECHNICAL OPINIONS.

As set forth in its opening brief, Amazon moves to exclude Mr. McCourt's opinions because Mr. McCourt admitted that he is not aware of the relevant legal standards for infringement and validity. In short, since Mr. McCourt does not know what is required legally for a patent to be valid or for an accused device to infringe, he cannot provide opinions on these issues.

TI suggests that Amazon is attacking Mr. McCourt for failing to render legal opinions, though he is not a lawyer. (TI Resp. 16-18) That argument mischaracterizes Amazon's position. No one suggests that technical experts should offer legal opinions. But experts also should not opine on an ultimate issue with no understanding of the issues' legal predicate. *See In re Katz Interactive Call Processing Patent Litig.*, No. 07-ML-01816-B-RGK, 2009 WL 3698470, at *2 (C.D. Cal. Mar. 11, 2009) ("Expert testimony that is based on an erroneous understanding or application of the law cannot meet the requirements of Rule 702 because it cannot logically assist the trier of fact.") (citing *Mercado v. Ahmed*, 974 F.2d 863, 869-70 (7th Cir. 1992)). Since Mr.

- 8 -

McCourt has not been instructed on the relevant law, he cannot opine on ultimate issues of validity and infringement, and his opinions should be excluded.

## CONCLUSION

For the foregoing reasons, the Court should preclude any expert testimony by Dr. Thomas Conte or Michael McCourt.

- 9 -

        Respectfully submitted,

        */s/ Richard Horwitz*
        Richard Horwitz
        rhorwitz@potteranderson.com
        POTTER ANDERSON & CORROON LLP
        1313 North Market St.
        Wilmington, DE 19801
        Telephone: (302) 984-6027
        Facsimile: (302) 658-1192

*Of Counsel*:

Thomas G. Pasternak
tpasternak@steptoe.com
Amanda K. Streff
astreff@steptoe.com
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

September 3, 2013
1121225/ 37202

        Counsel for Defendant
        AMAZON.COM, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## **CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on September 3, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 3, 2013, the attached document was Electronically Mailed to the following person(s):

George Pazuniak
Pazuniak Law Office LLC
1201 North Orange Street
7th Floor, Suite 7114
Wilmington, DE  19801-1186
gp@del-iplaw.com

Daniel Cotman
Cotman IP Law Group, PLC
117 East Colorado Blvd.
Suite 460
Pasadena, CA  91105-1938
docketing@cotmanip.com

Nelson Elliott Brestoff
Nelson E. Brestoff, PLC
26340 Ruether Avenue
Santa Clarita, CA  91350
nickbrestoff@yahoo.com

Robert J. Yorio
Carr & Ferrell LLP
120 Constitution Drive
Menlo Park, CA  94025
yorio@carrferrell.com

By:  */s/ Richard L. Horwitz*
　　　Richard L. Horwitz
　　　David E. Moore
　　　Bindu A. Palapura
　　　POTTER ANDERSON & CORROON LLP
　　　Tel:  (302) 984-6000
　　　rhorwitz@potteranderson.com
　　　dmoore@potteranderson.com
　　　bpalapura@potteranderson.com

1024339 / 37202