IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| TECHNOLOGY INNOVATIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | The Honorable Sue L. Robinson |
| | ) | |
| -vs.- | ) | No. 1:11-cv-00690 (SLR) |
| | ) | |
| AMAZON.COM, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY OF AMAZON.COM, INC.
IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT OF INVALIDITY**

Richard Horwitz (#2246)
rhorwitz@potteranderson.com
POTTER ANDERSON & CORROON LLP
1313 North Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Telephone:  (302) 984-6027
Facsimile:  (302) 658-1192

Counsel for Defendant
AMAZON.COM, INC.

*Of Counsel*:

Thomas G. Pasternak
tpasternak@steptoe.com
Amanda K. Streff
astreff@steptoe.com
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone:  (312) 577-1300
Facsimile:  (312) 577-1370

September 3, 2013

# TABLE OF CONTENTS

INTRODUCTION----------------------------------------------------------------------------------------- 1

SUMMARY OF THE ARGUMENT --------------------------------------------------------------------- 1

STATEMENT OF FACTS -------------------------------------------------------------------------------- 1

ARGUMENT --------------------------------------------------------------------------------------------------- 2

    I.    THE TERM "APPARATUS" IS INDEFINITE  BECAUSE OF THE
CLAIMED PARADOX ----------------------------------------------------------------------- 2

    II.    CLAIM 1 LACKS UTILITY AND CANNOT  BE ENABLED
BECAUSE OF THE PARADOX ----------------------------------------------------------- 4

    III.    THE TERM "PERMANENTLY  EMBEDDED" IS INDEFINITE ---------------- 4

    IV.    THE ASSERTED CLAIMS ARE  INVALID OVER THE PRIOR ART---------- 7

        A.    The Comiskey '578 Patent  Anticipates Claims 1, 3, 5, 7, and 18------------- 8

        B.    The Singer '832 Patent  Anticipates Claims 1 and 5 --------------------------- 11

        C.    The Freeman '284 Patent  Anticipates Claims 1, 5, 7, and 18 ---------------- 12

    V.    AMAZON HAS PROVEN INVALIDITY  WITH CLEAR AND
CONVINCING EVIDENCE ------------------------------------------------------------- 12

    VI.    AMAZON'S MOTION DOES NOT  RAISE TRIABLE ISSUES FOR A
JURY. ---------------------------------------------------------------------------------------- 13

CONCLUSION ----------------------------------------------------------------------------------------------- 13

# TABLE OF AUTHORITIES

*Cases:*                                                                                          *Page(s):*

*Allen Eng'g Corp. v. Bartell Indus.*, Inc.,
   299 F.3d 1336 (Fed. Cir. 2002)------------------------------------------------------------------- 3, 4

*Datamize, LLC v. Plumtree Software, Inc.*,
   417 F.3d 1342 (Fed. Cir. 2005)------------------------------------------------------------------- 5

*Invista N. Am. S.A.R.L. v. M&G USA Corp.*,
   C.A. No. 11-1007 SLR-CJB 2013 WL 3216109 (D. Del. June 25, 2013)--------------------- 7-8

*K-2 Corp. v. Salomon S.A.*,
   191 F.3d 1356 (Fed. Cir. 1999)------------------------------------------------------------------- 6

*Seattle Box. Co. v. Industrial Crating & Packing, Inc.*,
   731 F.2d 818 (Fed. Cir. 1984) ------------------------------------------------------------------- 5

*Utah Med. Prods., Inc. v. Graphic Controls Corp.*,
   350 F.3d 1376 (Fed. Cir. 2003)------------------------------------------------------------------- 5

*Williams v. Mussomelli*,
   722 F.2d 1130 (3d Cir. 1983)------------------------------------------------------------------- 12

*Statutes and Rules:*

Fed. R. Civ. P. 56(c)(4) ----------------------------------------------------------------------------- 8

Fed. R. Civ. P. 56(e)(2) ----------------------------------------------------------------------------- 2

## INTRODUCTION

This is Amazon's reply in support of its summary judgment motion and its answer to TI's "cross-motion" for partial summary judgment.  TI's cross-motion raises no new issues; it merely seeks summary judgment that the asserted claims are *not invalid* on the grounds that Amazon raises in its motion.

TI's brief is more notable for what it does not say than for what it says.  First, TI fails to refute the syllogism that proves that the term "apparatus" must be indefinite.  Second, TI fails to explain how the term "embedded" can mean enclosed and not merely attached (as the prosecution history states), when the specification expressly describes the "embedded" memory as merely attached to—and not enclosed within—the substrate.  Third, TI fails to identify any intrinsic evidence that suggests how "permanently" an apparatus must be embedded.  Finally, TI fails to offer a meaningful distinction between the claimed invention and the prior art.  TI argues that Amazon's prior art references do not disclose an apparatus that is embedded "permanently" in the substrate.  But TI creates its distinction only by changing its definition of "permanently embedded."  TI cannot dispute that the "apparatus" in the prior art references are "permanently embedded" at least according to how TI has construes that term in its proposed *Markman* briefing.

## SUMMARY OF THE ARGUMENT

Amazon summarized its invalidity arguments in its initial brief and incorporates those summaries by reference.  TI's cross-motion raises no new issues to summarize.

## STATEMENT OF FACTS

TI offers a long, narrative "Statement of Facts" addressing the '965 patent and its prosecution history—but it does respond directly to Amazon's "Statement of Undisputed Material Facts."  TI also fails to provide its own Statement of Material Facts to support its cross-motion.

The Court may consider Amazon's facts undisputed.  Fed. R. Civ. P. 56(e)(2).  At a minimum, TI's approach suggests that Amazon's section 112 and 101 defenses are ripe for summary judgment.  Though TI argues that Amazon's anticipation defense triggers a battle between experts, it fails to identify any *material* fact dispute.

## ARGUMENT

### I.     THE TERM "APPARATUS" IS INDEFINITE BECAUSE OF THE CLAIMED PARADOX.

TI offers no rebuttal to Amazon's logical proof.   TI's only attempt to address the relevant issue is its "letter/envelope" analogy (which the parties also address in their *Markman* briefs).  (TI Br.[1] at 19.)  In applying this analogy, TI overlooks a critical assumption: the term "apparatus" *does not* change meaning.[2]  The corresponding term ("letter") in the analogy, therefore, also *cannot* change meaning.  If one construes the term "letter" consistently, the analogy backfires on TI.

A "letter" can refer either to the folded paper inside the envelope, or it can refer to the combination: the folded paper plus the envelope.  If one uses the term "letter" to refer to the combination—*and* applies that term *consistently*—one can no longer say that the "letter" (*i.e.*, the combination) is enclosed within the envelope.  To do so would require something to be enclosed within itself—a physical impossibility.

TI cannot escape from this logical predicament by arguing that in "common English usage" the word "letter" has multiple meanings.  (TI Br. at 19.)  TI has conceded that the term "ap-

---

[1] D.I. 116.

[2] TI concedes that the term "an apparatus" in the preamble refers to the *same* thing as the term "the apparatus" used later in the claim.  (TI *Markman* Br. (D.I. 102) at 18 ("The term 'the apparatus' admittedly refers back to the 'apparatus for the electronic display of information' in the preamble").)

paratus" carries only one meaning throughout the claim.  And TI has no other choice.  The term "an apparatus" in the claim preamble is the only antecedent basis for the term "the apparatus" that appears in the claim body; claim 1 discloses no *other* "apparatus."  TI therefore cannot avoid the paradox in claim 1.

TI's other arguments dodge the issue entirely.  For example, TI begins its rebuttal by contending that Amazon's indefiniteness position is unprecedented in "the annals of patent cases." (TI Br. at 17.)  This contention is not an argument.  It merely professes TI's astonishment that an overworked patent examiner could have missed this issue.  Annals notwithstanding, the claim is either logically impossible or it is not.  TI offers no evidence or argument to rebut the proof that it is impossible.

TI cites to the *Saffran* case for the proposition that "there is no indefiniteness or construction problem" with having the preamble term "an apparatus" (or "a device" in the *Saffron* case) followed by the term "the apparatus" (or "the device") in the claim body.  (TI Br. at 20.)  But Amazon never suggested otherwise.  Amazon never said that claim 1 was indefinite simply because the term "apparatus" appears in both the preamble and the claim body—a perfectly unremarkable form of claim drafting when done correctly.  Rather, Amazon's point is that the claim cannot impose a condition that *contradicts* another condition in the claim.  The internal *contradiction* within claim 1 renders it indefinite.

TI tries to distinguish the *Allen Engineering* case, but misses the point.  (TI Br. at 21.)  In that case, the claim drafter mixed up his terms ("perpendicular" and "parallel") and drafted a claim that contradicted the specification.  While the claim required a structure to pivot in a perpendicular plane, the specification required that structure to pivot in a parallel plane.  *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002).  Amazon cited the case

for two points. First, a claim that contradicts the intended invention (as described in the specification) may be indefinite. (Amazon Br.[3] at 14.) Second, courts do not rewrite claims to rectify sloppy claim drafting. (*Id.*) TI purports to distinguish *Allen Engineering*, in effect, merely by concluding that claim 1 is both consistent with the '965 specification and is well-drafted. (TI Br. at 21-22.) But TI offers no support for its conclusion. The applicant did not intend for an "apparatus" (containing a substrate) to be embedded in the substrate—which is what claim 1 requires. The '965 specification neither illustrates nor describes any embodiment of this claim.

## II.    CLAIM 1 LACKS UTILITY AND CANNOT BE ENABLED BECAUSE OF THE PARADOX.

TI does not dispute Amazon's legal analysis on the utility/enablement defense except to argue that claim 1 contains no paradox. (TI Br. at 22.) In effect, TI concedes that if claim 1 contains a paradox, as Amazon asserts, then claim 1 is invalid for lack of utility and enablement.

## III.    THE TERM "PERMANENTLY EMBEDDED" IS INDEFINITE.

TI misconstrues Amazon's "permanently embedded" argument. First, it argues that the terms "permanently" and "embedded" are not *inherently* ambiguous or indefinable. (TI Br. at 22-23 (citing thousands of patents that use these terms).) But Amazon never suggested otherwise. The word "embedded" is not *inherently* indefinite. It is indefinite in the '965 patent because the specification and prosecution history conflict on whether the term can mean "attached" as well as "enclosed." The specification says yes, while the prosecution history says no. (*See* Amazon Br. at 19-20.) The '965 patent *created* the indefiniteness problem here.

---

[3] D.I. 108.

The word "permanently" is a word of degree for which the specification must provide context. *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1351 (Fed. Cir. 2005) ("When a word of degree is used the district court must determine whether the patent's specification provides some standard for measuring that degree.") (quoting *Seattle Box. Co. v. Industrial Crating & Packing, Inc.*, 731 F.2d 818, 826 (Fed. Cir. 1984)).  Amazon has no reason to doubt that other patentees have provided sufficient context when using this term.  The '965 patentee, however, does not.

TI cites to *Utah Medical Products* as an example of how the term "permanently" is not necessarily indefinite.  (TI Br. at 16.)  The patent there, however, provided a clear *context* for construing the term.  That patent claimed a medical device with a "stiffener means permanently encased in said electrical cable means for importing a desired degree of rigidity. . . ." *Utah Med. Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1379 (Fed. Cir. 2003).  The intrinsic evidence explained why—as an engineering matter—the stiffener had to be encased with sufficient permanence to achieve the desired rigidity.  *Id.* at 1382-83.  The Court was able to construe the term in that context.

The '965 intrinsic evidence, by contrast, offers no reason why the "apparatus" should be embedded in the substrate with any particular degree of permanence.  In fact, the '965 specification does not even *disclose* an embodiment in which the "apparatus" is embedded into the substrate.  The Figure 2 embodiment, to which TI repeatedly refers, discloses only an "embedded memory device 22" positioned between layers of substrate; it does not disclose an embedded "apparatus."[4]  And there is no way to tell from that Figure or the corresponding discussion how

---

[4] As TI stresses when trying to distinguish prior art, claim 1 requires an embedded "apparatus" and not merely one apparatus *component*.  (TI Br. at 30 ("The Comiskey '578 *never* speaks of embedding *the apparatus* (which includes also the memory **plus** the display) into a substrate" (TI's emphases)).)

"permanently" that memory device is—or should be—embedded.  The '965 patent provides no context for understanding what type or degree of "permanence" might be important to the '965 invention.

TI also quotes *K-2 Corp.* to support its argument that the term "permanently" is not indefinite.  But again, TI misses the point.  The K-2 patent provided a sufficient *context* for construing this term of degree.  The patentee had claimed a type of inline roller skate and had added the claim term "permanently" to distinguish a prior art reference in which the skate's "bootie" was "detachable" from its base.  *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362, 1364 (Fed. Cir. 1999).  The Federal Circuit held (as TI itself quotes) that: "the ordinary and accustomed meaning of 'permanently affixed' *in this context* requires that the fastening be unremovable."  (TI Br. at 24 (quoting *K-2 Corp.*, 191 F.3d at 1363 (emphasis added)).)  The '965 patent provides no such context.  The '965 applicant did not distinguish a prior art reference that disclosed an apparatus that was embedded, but to a different degree of permanence.

Later in its brief (in an attempt to distinguish the prior art) TI suggests that "permanently" means irremovable.[5]  There are at least two problems with this argument.  First, TI's proposed *Markman* definition for "permanently embedded" suggests no such thing.  TI should not be allowed to re-define its claim terms.  Second, the intrinsic evidence directly contradicts TI's position.  The prosecution history *precludes* TI from defining the term "permanently" in terms of removability.

After the '965 applicant amended his claims to require a "permanently" embedded apparatus, the examiner imposed a restriction requirement that limited the claims to certain "species"

---

[5] TI Br. at 31 (arguing that in the Comiskey reference, "'permanence' is not inherent, and . . . removability is not excluded"); TI Br. at 34 (arguing that the Singer reference "never explicitly or otherwise suggests how to remove the implant. . . .").

of the invention; *i.e.*, to a specific group of embodiments disclosed in the application.  (E.I. 108, Ex. K, TILLC000329.)  In response to this restriction, the applicant "respectfully urged" that the pending claims include "Species 1," which included the embodiments disclosed in Figures 4 and 5, among others.  (Ex. Z, TILLC000333.)  Unlike Figures 2 and 3, which disclose an "embedded memory device 22" ('965 Patent, at 3:66-67), Figures 4 and 5 disclose a "removable memory 23" ('965 patent, at 5:19).  In short, TI argued to the examiner that the "permanently embedded" limitation covered embodiments with removable memories.  TI cannot reverse course in litigation and argue that a "permanently embedded" structure must be irremovable.

Finally, TI and its experts variously suggest that "permanently" can mean anything from "firmly" or "securely" (*see* TI's proposed definition) to "irremovably" to "concealed from" view (TI *Markman* Br. at 23).  Out of context, terms of degree can mean many things.  To be definite, they must be used in some meaningful context.  But the '965 patent provides none.  It never discloses an apparatus that is embedded with any particular type or degree of permanence, and it never suggests why any particular degree of permanence may be meaningful to the invention.  It provides no *context* for construing "permanently," which in *this* patent is indefinite.

## IV.  THE ASSERTED CLAIMS ARE INVALID OVER THE PRIOR ART.

TI raises several threshold evidentiary objections—none of which preclude summary judgment.  First, TI argues that Ronald Milner's expert report (Amazon's Br., Ex. L) is inadmissible because it is unsworn.  (TI Br. at 27.)  Amazon has addressed that issue by filing Mr. Milner's declaration (D.I. 120) in which he confirms under oath all of the statements in that report.  *See Invista N. Am. S.A.R.L. v. M&G USA Corp.*, Civ. No. 11-1007 SLR-CJB, 2013  WL

3216109 (D. Del. June 25, 2013) at *3-4 (unsworn expert report admissible on summary judg-ment if the expert adopts the report in its entirety in sworn declaration).[6]

Second, TI argues that the expert reports are hearsay and inadmissible on summary judgment.  (TI Br. at 27.)  TI identifies no specific hearsay problem; rather, it appears to argue that expert reports are inadmissible categorically because they are out-of-court statements.  TI cites no authority for this radical point.  Nor could it.  The Federal Rules of Civil Procedure ex-pressly allow parties to rely upon sworn out-of-court statements to support summary judgment.  Fed. R. Civ. P. 56(c)(4) (authorizing affidavits and declarations).

TI argues that Exhibits Q, R, and S—the claim charts for Amazon's prior art references—are inadmissible because they have no sponsoring witness.  (TI Br. at 27-28.)  But these charts are all subsets of the claim charts attached to Mr. Milner's report.  Exhibits Q, R, and S corre-spond to Milner Expert Report Exhibits E, W, and Q, respectively.  These Milner reports were submitted with Amazon's motion.  Accordingly these claim charts reflect sworn opinion evi-dence offered by Amazon's expert.

## A.    The Comiskey '578 Patent Anticipates
## Claims 1, 3, 5, 7, and 18.

Besides its evidentiary objection to Amazon's claim charts, TI argues only that Comiskey fails to disclose an "apparatus" that is "permanently embedded."

First, TI concedes that Comiskey discloses a display that is embedded "into" a substrate.  (TI Br. at 30 ("Comiskey '578's only potential teaching is that the 'display' (or controller) is 'in-

---

[6] As in *Invista*, the party opposing summary judgment here is not prejudiced by the later-produced declaration adopting the report under oath, and TI does not claim prejudice.  Amazon produced the report on time.  TI marked it at Mr. Milner's deposition and took sworn testimony on the opinions he expressed in it.  Moreover, TI itself filed a similar declaration to support its opposition to Amazon's summary judgment motion.  (D.I. 117.)

corporated' 'into' something").)  TI then argues that a *display* is just one "apparatus" component, and Comiskey does not disclose embedding the entire "apparatus" itself.  (TI Br. at 30 ("The Comiskey '578 *never* speaks of embedding *the apparatus* (which includes also the memory **plus** display) into a substrate" (TI's emphasis)).)  As an aside, this argument walks TI right into the indefiniteness quagmire.  "The apparatus" in fact *must* include "the memory plus display" *plus* "the substrate." That entire "apparatus" package—substrate and all—must then be embedded into the substrate, which is simply impossible.  Neither Comiskey nor the '965 patent can disclose an impossible embodiment.

Amazon assumes—as it must for purposes of its prior art defense—that the term "apparatus" is definite and may be defined exactly as TI proposes: "functional components for a display of electronic information."  Notably, TI does not specify what those "functional components" are or explain what that term means.  Having drafted an imprecise definition, TI now tries to split hairs to distinguish Comiskey.

While Comiskey admittedly disclosed a display and controller embedded into a flexible tag, TI argues that it failed to disclose specifically how *each* "functional component" of the display (*i.e.*, the memory) was embedded likewise.  (TI Br. at 18.)  But Comiskey's Figures illustrate that all of the display components are *inside* the substrate.  Comiskey never suggests *dividing* the display's "functional components" to embed some elements and not others (*i.e.*, fully enclosing the display while leaving the memory device exposed outside the tag).  TI's "apparatus" vs. "display" argument is built upon an artificial distinction that TI molds from its deliberately vague definition of "apparatus."

TI also suggests that Comiskey fails to disclose that the display is embedded in the substrate "permanently."  (TI Br. at 31-32.)  For purposes of this prior art defense, Amazon assumes

TI's definition of "permanently embedded":  "Fixed securely, enclosed firmly, or made an integral part within or between one or more layers of the substrate, and not merely attached."

TI concedes that the Comiskey display is enclosed within and "incorporated into" the substrate. (TI Br. at 31.)  TI's quotes from the Comiskey reference reflect that Comiskey anticipated the essence of the '965 invention; *i.e.*, applications for a "wearable display" that is "flexible and paper-thin to maximize the number of ways in which the display could be incorporated." (*Id.* (quoting various Comiskey excerpts).)  The Comiskey display uses an "encapsulated display media" (*e.g.*, e-ink) and in one embodiment, the controller, as well as the display, "is incorporated into the wearable item." (*Id.*)

There is no *genuine* dispute that Comiskey discloses an "apparatus" that is "permanently embedded" in the substrate *under TI's proposed definitions*.  Comiskey discloses "functional display components" (TI's definition of "apparatus") that are "an integral part within or between one or more layers of the substrate, and not merely attached" (as TI defines "permanently embedded").  In arguing that Comiskey's display and controller are not embedded "permanently," TI does not raise a fact dispute at all; rather, it simply abandons its proposed definition of "permanently" and substitutes in a different one.

TI cannot deny that Comiskey's display and controller are: "Fixed securely, enclosed firmly, or made an integral part within or between one or more layers of the substrate, and not merely attached."  So TI effectively engrafts a new limitation onto its definition and asserts that the display components also must be "unremovable." (TI Br. at 32.)  But, as discussed above, the '965 applicant told the examiner that "permanently embedded" included embodiments with a "removable memory 23."  TI may not distinguish Comiskey on the ground that it supposedly fails to specify "irremovable" display components.

**B.     The Singer '832 Patent Anticipates Claims 1 and 5.**

The Singer reference drives TI to deeper levels of absurdity.  The Singer reference discloses a flexible display in which every component unquestionably is embedded between layers of substrate (skin).  The only argument that TI can muster is that Singer's flexible display apparatus is not embedded "permanently" under layers of skin because subcutaneous implants are "removable."  (TI Br. at 33-34.)  As a threshold matter, TI again is deviating from its own proposed definition for "permanently."  Claim 1 is not limited to an apparatus that cannot be removed from the substrate.  Whether the Singer apparatus is readily removable, therefore, is immaterial.  It does not bear on any legal issue raised by this motion.  Likewise, as noted above, the prosecution history specifically precludes TI from defining "permanently embedded" to require *irremovable* display components.

Nonetheless, TI dives into the removability point.  To support its argument that a surgically implanted device is not embedded "permanently," TI relies on Dr. Conte's opinion that pacemakers and other in-body implants may sometimes be removable surgically for servicing.[7] (TI Br. at 34.)  But two paragraphs later, TI concedes that Dr. Conte is not a medical expert. (*Id.*)  Dr. Conte is an electrical engineer and is not competent to provide medical opinions.  In its contrived dispute over the "removability" of pacemakers and other medical implants, TI slides from irrelevancy into absurdity.

---

[7] Dr. Conte's testimony regarding removable implants is not based on the Singer patent itself. TI acknowledges that the Singer patent "never explicitly or otherwise suggests how to remove the implant. . . ." (TI Br. at 34.)

### C. The Freeman '284 Patent Anticipates Claims 1, 5, 7, and 18.

The Freeman patent discloses a flexible display embedded between two layers of a flexible chip card. TI's only real argument is that Freeman fails to confirm that the display is irremovable, and it does not use the word "permanently." (TI Br. at 36.) Again, under TI's own claim construction, claim 1 does not require an apparatus that is embedded *irremovably*. So that purported distinction is irrelevant. And though Freeman does not use the *word* "permanently," TI concedes that Freeman discloses a chip card with a "built-in" display—where the "display element" is "supported within the flexible body." (TI Br. at 36.) There is no dispute that the Freeman display meets TI's own proposed definition for "permanently embedded." The display is built into the flexible chip body, which means that it must be "fixed securely," "enclosed firmly," or "made an integral part within or between" the two layers of the chip card. It is not merely attached outside the chip card substrate. And it is embedded no less "permanently" than the preferred embodiment depicted in Figure 2 of the '965 patent.

### V. AMAZON HAS PROVEN INVALIDITY WITH CLEAR AND CONVINCING EVIDENCE.

TI argues that Amazon cannot rely upon Mr. Milner's expert report because Mr. Milner allegedly relied upon an inaccurate understanding of the clear and convincing evidentiary standard. (TI Br. at 36-38.) There are several problems with this argument. As a threshold matter, Mr. Milner's understanding of the clear and convincing standard was not inaccurate.[8] But even

---

[8] While Mr. Milner does not recite the "abiding conviction" and "highly probable" buzzwords to explain his understanding of the clear and convincing standard, these terms are not sacrosanct. *See Williams v. Mussomelli*, 722 F.2d 1130, 1134 (3d Cir. 1983) (court may instruct jurors on legal standards using any terms that are "accurate in substance and understandable to lay persons"). Mr. Milner properly recognized that the clear and convincing standard is "substantially" higher than the preponderance standard. TI fails to explain how this lay description differs *meaningfully* from the "abiding conviction/highly probable" articulation.

if it were, it would not affect his technical opinions. In other words, Mr. Milner's understanding of the evidentiary standard for proving invalidity would affect only his ultimate conclusion that the '965 claims are invalid; it would not affect the factual underpinnings for that conclusion. Amazon's motion does not rely upon Mr. Milner's ultimate conclusion. Rather, Amazon cites to Mr. Milner's report only in support of specific technical opinions in which he correlates the '965 claim limitations to the prior art patents.

### VI.   AMAZON'S MOTION DOES NOT RAISE ISSUES THAT REQUIRE A JURY TRIAL.

TI argues that Amazon's anticipation defense boils down to a battle of the experts, which should go to a jury. But having presented a prima facie case of anticipation, this court should grant Amazon summary judgment unless TI identifies a specific, *genuine* issue of disputed *material* fact. TI has failed to identify such a fact dispute. For each prior art reference, the only real dispute pivots on the "removable vs. irremovable" distinction—which is *immaterial*; it has nothing to do with any claim 1 term as construed under any party's proposed definition. The experts' battle over "removability," therefore, does not raise an issue for a jury to decide, and thus cannot preclude summary judgment.

### CONCLUSION

There can be no genuine dispute about whether the Asserted Claims are invalid under each of 35 U.S.C. §§ 112, 101, and 102. Accordingly, Amazon respectfully requests this Court grant it summary judgment.

Respectfully submitted,


/s/ Richard Horwitz
Richard Horwitz (#2246)
rhorwitz@potteranderson.com
POTTER ANDERSON & CORROON LLP
1313 North Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Telephone:  (302) 984-6027
Facsimile:  (302) 658-1192

Counsel for Defendant
AMAZON.COM, INC.

*Of Counsel*:

Thomas G. Pasternak
tpasternak@steptoe.com
Amanda K. Streff
astreff@steptoe.com
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone:  (312) 577-1300
Facsimile:  (312) 577-1370


September 3, 2013
1121230/ 37202

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 3, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 3, 2013, the attached document was Electronically Mailed to the following person(s):

George Pazuniak
Pazuniak Law Office LLC
1201 North Orange Street
7th Floor, Suite 7114
Wilmington, DE  19801-1186
gp@del-iplaw.com

Nelson Elliott Brestoff
Nelson E. Brestoff, PLC
26340 Ruether Avenue
Santa Clarita, CA  91350
nickbrestoff@yahoo.com

Daniel Cotman
Cotman IP Law Group, PLC
117 East Colorado Blvd.
Suite 460
Pasadena, CA  91105-1938
docketing@cotmanip.com

Robert J. Yorio
Carr & Ferrell LLP
120 Constitution Drive
Menlo Park, CA 94025
yorio@carrferrell.com

By:   */s/ Richard L. Horwitz*
      Richard L. Horwitz
      David E. Moore
      Bindu A. Palapura
      POTTER ANDERSON & CORROON LLP
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

1024339 / 37202