IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TECHNOLOGY INNOVATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs.- | ) ) ) | The Honorable Sue L. Robinson<br><br>No. 1:11-cv-00690 (SLR) |
| AMAZON.COM, INC., | ) ) ) | |
| Defendant. | ) ) | |

**REPLY OF AMAZON.COM, INC.
IN SUPPORT OF ITS MOTION FOR
<u>SUMMARY JUDGMENT OF NONINFRINGEMENT</u>**

*Of Counsel*:

Thomas G. Pasternak
tpasternak@steptoe.com
Amanda K. Streff
astreff@steptoe.com
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

Richard Horwitz (#2246)
rhorwitz@potteranderson.com
POTTER ANDERSON & CORROON LLP
1313 North Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Telephone: (302) 984-6027
Facsimile: (302) 658-1192

Counsel for Defendant
AMAZON.COM, INC.

September 23, 2013

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS ................................................................................... 1

ARGUMENT......................................................................................................... 2

    I.     TI DOES NOT DISPUTE THAT THE KINDLE HAS A RIGID DISPLAY ................................................................... 2

    II.    TI DOES NOT DISPUTE THAT THE "SUBSTRATE" IN THE KINDLE IS NOT EMBEDDED WITHIN ITSELF.......................... 4

    III.   TI'S EVIDENTIARY ARGUMENT IS FLAWED .......................... 5

CONCLUSION ..................................................................................................... 6

## TABLE OF AUTHORITIES

*Cases:*                                                                                               *Page(s):*

*Invista N. Am. S.A.R.L. v. M&G USA Corp.*,
    Civ. No. 11-1007-SLR-CJB, 2013 WL 3196817 (D. Del. June 25, 2013)----------5-6

*Statutes and Rules:*

Fed. R. Civ. P. 56(e)(2) and (3) ------------------------------------------------------------- 2

## INTRODUCTION

Amazon's motion for summary judgment of noninfringement hinges on claim construction; the parties agree on the relevant facts. All agree that the accused Kindle products have a rigid display. If the Court finds that the claims require a *flexible* display—as opposed to merely a flexible *layer* within a *rigid* display—then it is undisputed that none of the accused Kindle products infringe. Likewise, no one contends that the Kindle housing is embedded within itself, which is logically and physically impossible. If the Court finds that the claims require an "apparatus" containing a substrate in which the apparatus is embedded,[1] then none of the accused Kindles can infringe for this reason, too. TI spends most of its brief presenting evidence that: (1) one *layer* within the Kindle display is flexible; and (2) Kindles are difficult to disassemble.

Neither fact is material to this motion.

## STATEMENT OF FACTS

Amazon's noninfringement position on the "flexible substrate display" limitation hinges on only three material facts: (1) the asserted claims all require a "flexible substrate display"; (2) all of the accused Kindle displays contain a rigid backplane (without which the display cannot, as a matter of electronics, display anything); and (3) this backplane is combined with the E-ink front plane and other components (again, without which the display cannot, as a matter of electronics, display anything) to form a complete rigid display. (Amazon Br.[2] at 8, "Statement of Undisputed Facts.") The rest

---

[1] For present purposes, Amazon assumes that the term "apparatus" is not indefinite.

[2] D.I. 112.

of the noninfringement analysis is claim construction—a question of law. Though TI devotes most of its brief to its "Statement of the Facts," TI's facts do not address, let alone contradict, any of the three facts material to Amazon's motion.[3]

Amazon's noninfringement position on the "apparatus/substrate" limitation[4] relies upon just two facts: (1) the accused Kindles have a rigid plastic or plastic and metal housing; and (2) this housing is not enclosed within itself. (Amazon Br. at 8, "Statement of Undisputed Facts.") TI does not directly address or deny either fact. Though TI devotes page upon page to try to show that the Kindle is not designed for easy consumer disassembly (TI Br.[5] at 9-17[6]), that evidence is irrelevant.

## ARGUMENT

### I. TI DOES NOT DISPUTE THAT THE KINDLE HAS A RIGID DISPLAY.

TI spends most of its brief presenting irrelevant evidence. For six pages, TI presents evidence on a point that Amazon conceded in its opening brief: one component of the accused Kindle display is a thin plastic film coated with microcapsules. (TI Br. at 3-8). No one disputes that this component of the display exists. But if the Court construes the term "flexible substrate display" to require a flexible *display* (as Amazon urg-

---

[3] TI's failure to address Amazon's Statement of Material Facts invokes Rule 56(e), which authorizes the Court to deem those facts undisputed and to grant summary judgment if it agrees with Amazon's claim construction. Fed. R. Civ. P. 56(e)(2) and (3).

[4] This limitation, which is found in all asserted claims, requires an "apparatus . . . comprising a substrate into which the apparatus is permanently embedded."

[5] D.I. 127.

[6] For D.I. 127 only, Amazon cites the page numbers at the bottom of the page because TI filed its brief under seal.

2

es in this motion), then the existence of this one display component is irrelevant. TI concedes the accused Kindle *displays* are rigid. (TI Br. at 2 (referring to the rigid glass TFT backplane as one of the "components of an e-ink display").)[7] For this motion, no other fact matters.

TI tries to draw a distinction between a "flexible substrate display"—which appears in the asserted claims—and a "flexible display"—which appears in claim 20. (TI Br. at 1.) TI offers no analysis to explain or support the distinction; it simply concludes that the two terms mean "something different." (TI Br. at 1.) Regardless of whether there is a distinction between a "flexible substrate display" and a "flexible display," during the prosecution of the '965 claims, the applicant added the word "flexible" to "substrate display" to overcome a rejection over the Fitch reference, which disclosed "a garment with a *video display unit*." (Ex. V, TILLC000269-280, at TILLC000276 (emphasis added).) Having distinguished the claimed "flexible substrate display" from Fitch's "video display unit" on the grounds that Fitch's display *unit* was *not* flexible, TI cannot now selectively apply this limitation to a single *layer* within a display unit.

TI also argues that the asserted claims read on displays that, "while flexible by design," may be used in embodiments in which the flexible displays are unable to bend "*e.g.*, a frame-mounted and/or matted configuration." (TI Br. at 19.) This argument

---

[7] As Amazon explained previously, the TFT "backplane" layer provides the circuitry that turns the microcapsules in the "front plane" on and off. (Amazon Br. at 7-8.) The front plane and backplane are two sides of the same coin; they are inter-dependent components of a complete functioning display. TI concedes this point. (TI Br. at 19 ("the e-ink layer . . . is later made rigid when it is adhered to a Thin Film Transistor ('TFT') backplane on glass").)

ignores a critical distinction. The claim requires a display that is *innately* flexible. While the claim may read onto a *flexible* display that is held fast in a rigid (external) frame, it may *not* read onto a display that, standing alone, is rigid. A flexible *display* may be framed on a wall *or* embedded into a garment—without hindering the garment's normal use.[8] An innately rigid *display* (like the Fitch "video display unit," for example) will remain inflexible whether mounted on the wall or embedded into a garment.

Though TI argues that the claims can read onto a rigid display, it makes absolutely no effort to reconcile its position with the specification, which touts flexibility as the invention's central theme. Not surprisingly, the specification discloses no embodiment in which the display itself (as opposed to an external frame) is rigid. If the display can be rigid, what exactly is the point of the invention? TI never explains.

## II. TI DOES NOT DISPUTE THAT THE "SUBSTRATE" IN THE KINDLE IS NOT EMBEDDED WITHIN ITSELF.

TI devotes nine pages of its brief to try to prove that Kindles are not designed for routine consumer disassembly. (TI Br. at 9-17.) But TI fails to explain why this evidence matters. Amazon's second noninfringement position is that Kindle lacks a "substrate into which the apparatus is permanently embedded," where the substrate is a part of the "apparatus." This issue pivots entirely on claim construction: *i.e.*, whether the "substrate" is part of the apparatus.[9] Properly construed, the claim—as matter of

---

[8] The '965 patent explains that in the preferred embodiment, even the memory is flexible, so nothing will interfere with "the normal or intended use of the substrate." ('965 patent at 5:13-18.)

[9] A question that seems fairly clear from the claim language itself: "apparatus . . . comprising a substrate. . . .")

logic and grammar—cannot be infringed, because what it claims is illogical and physically impossible. No Kindle disassembly warnings or battery safety statements (*see*, *e.g.*, TI Br. at 12) can change this fact.

It is difficult to understand why TI spends nearly half its brief on the "disassembly" issue. Perhaps TI believes that this evidence proves that the Kindles meet the "permanently embedded" limitation. But that term is not an issue here. Amazon's point is that an apparatus cannot be "permanently embedded" in itself—no matter how one defines "permanently" or "embedded." Moreover, *neither* party proposes to define "permanently embedded" in terms of how easily a housing may be disassembled. So that issue is just an irrelevant diversion. And TI's related argument—that Kindle's consumer warranty is "probative as to whether the Kindle's apparatus is 'permanently embedded' in its enclosing substrate" (TI Br. at 20)—is equally irrelevant.

### III.   TI'S EVIDENTIARY ARGUMENT IS FLAWED.

TI argues that Amazon is not entitled to summary judgment because it "relies heavily" upon its experts' reports, which—according to TI—are inadmissible. This argument is flawed on two counts.

First, Amazon's experts adopted their reports in sworn declarations, as did the expert in the *Invista* case. *See Invista N. Am. S.A.R.L. v. M&G USA Corp.*, Civ. No. 11-1007-SLR-CJB, 2013 WL 3196817 (D. Del. June 25, 2013). There, a summary judgment movant had relied upon an unsworn expert report, which the expert later adopted via sworn declaration. *Id.* at *9-10, n.6. The Court then accepted that declaration/expert report into evidence for summary judgment. *Id.* The expert declarations

here track the language used by the expert in *Invista*. The declarations/expert reports here are admissible for summary judgment purposes, just as the declaration/expert report was admissible in *Invista*.[10]

Second, TI's argument elevates form over substance. Amazon's motion in fact does not "rely heavily" upon its experts at all. Combined, Amazon's noninfringement arguments rely upon only five material facts, not one of which TI disputes. Moreover, these facts are self-evident; they require no special expertise (*e.g.*, the Kindle displays are rigid; Kindle has a hard plastic/metal housing; this housing is not enclosed within itself.) Exactly which material facts has Amazon failed to establish for summary judgment purposes? TI does not say.

## CONCLUSION

For the reasons provided in this brief and in Amazon's Memorandum in Support of Its Motion for Summary Judgment of Noninfringement, Amazon respectfully requests that the Court grant summary judgment to Amazon.

---

[10] TI asserted this same evidentiary objection in answering Amazon's invalidity summary judgment motion. (D.I. 116 at 26-27.) In reply, Amazon cited the *Invista* case and explained why its expert reports were admissible for summary judgment purposes. (D.I. 125 at 10-11.) In briefing the present motion, TI had the opportunity to address *Invista*, but declined to do so.

Respectfully submitted,

 */s/ Richard L. Horwitz*_____
Richard Horwitz (#2246)
rhorwitz@potteranderson.com
POTTER ANDERSON & CORROON LLP
1313 North Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Telephone: (302) 984-6027
Facsimile: (302) 658-1192

*Of Counsel*:

Thomas G. Pasternak
tpasternak@steptoe.com
Amanda K. Streff
astreff@steptoe.com
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

Counsel for Defendant
AMAZON.COM, INC.

September 23, 2013

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 23, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 23, 2013, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| George Pazuniak<br>Pazuniak Law Office LLC<br>1201 North Orange Street<br>7th Floor, Suite 7114<br>Wilmington, DE  19801-1186<br>gp@del-iplaw.com | Nelson Elliott Brestoff<br>Nelson E. Brestoff, PLC<br>26340 Ruether Avenue<br>Santa Clarita, CA  91350<br>nickbrestoff@yahoo.com |
| Daniel Cotman<br>Cotman IP Law Group, PLC<br>117 East Colorado Blvd.<br>Suite 460<br>Pasadena, CA  91105-1938<br>docketing@cotmanip.com | Robert J. Yorio<br>Carr & Ferrell LLP<br>120 Constitution Drive<br>Menlo Park, CA  94025<br>yorio@carrferrell.com |

By:  /s/ David E. Moore
     Richard L. Horwitz
     David E. Moore
     Bindu A. Palapura
     POTTER ANDERSON & CORROON LLP
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     bpalapura@potteranderson.com

1024339 / 37202