IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 11-690-SLR |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of July, 2014, having considered the materials

submitted in connection with Amazon.com's ("Amazon") request for attorney fees;

IT IS ORDERED, for the reasons that follow, that on or before **August 6, 2014,**

Amazon shall submit the relevant time sheets supporting its request for attorney fees

for the categories of fees denoted as "'407 specific" and "Markman specific," for my

review.

1. **Background.** On August 8, 2011, Technology Innovations, LLC ("TI") filed a

complaint against Amazon asserting infringement of two patents, U.S. Patent No.

5,517,407 ("the '407 patent") and U.S. Patent No. 7,429,965 ("the '965 patent").  (D.I. 1)

Amazon responded with a motion to dismiss the '407 patent from the suit, arguing that

its Kindle e-reader could not be found to infringe the '407 patent under any possible

claim construction.  (D.I. 7)  Amazon also filed a motion for sanctions for inclusion of the

'407 patent in the case.  (D.I. 14)  I denied Amazon's motion to dismiss based on my

then case management regime, whereby I was not prepared to engage in a claim

construction exercise until at least a full and fair exchange of fundamental documents had been accomplished. (D.I. 39) Although I declined to award Rule 11 sanctions at the outset of the litigation, I indicated that TI essentially would be proceeding at its own risk in that I would entertain a renewed motion if I "later determined, after discovery and a full claim construction record, that [TI's] assertion of the '407 patent against [Amazon's] products was so lacking in merit that the imposition of sanctions [was] warranted." (*Id.* at 5)

2. Amazon subsequently filed its answer, defenses and counterclaims, including a counterclaim of noninfringement of the '407 patent. (D.I. 40) In response, TI filed its answer to Amazon's counterclaims, as well as a motion for leave to file a first amended complaint withdrawing all of its allegations concerning the '407 patent. (D.I. 43, 44) Amazon opposed TI's motion to amend, arguing that TI's infringement claim should be dismissed with prejudice and Amazon's ability to seek fees should remain intact. (D.I. 46 at 1) TI's motion to amend was granted, with Amazon being given leave to seek attorney fees regarding the initial assertion of the '407 patent. (D.I. 79)

3. Amazon filed its answer, defenses and counterclaims to the amended complaint in April 2013, including a counterclaim for sanctions pursuant to 35 U.S.C. § 285 "for TI's frivolous assertion" of the '407 patent. (D.I. 83) TI followed with a motion to dismiss the counterclaim. (D.I. 88) Because an award of attorney fees pursuant to § 285 is not appropriate until a final judgment has been entered, and it appeared that Amazon was continuing to press for an immediate imposition of sanction, I granted TI's motion to dismiss but ordered TI to show cause why its assrtion of the '407 patent was appropriate under the requirements of Rule 11(b). (D.I. 110 at 8-9) Briefing followed.

4.. Despite the above ruling, Amazon's request for fees coincided with the claim construction and summary judgment proceedings that were going forward in connection with the '965 patent, and I ultimately made my decision regarding the '407 patent in the same opinion through which I addressed the pending motion practice relating to the '965 patent. (D.I. 146) Once presented with a "full claim construction record" in connection with the '407 patent and Amazon's request for fees, I recognized that "'[r]easonable minds can differ as to claim construction positions and losing constructions can nevertheless be non-frivolous. But there is a threshold below which a clam construction is 'so unreasonable that no reasonable litigant could believe it would succeed,' and thus warrants Rule 11 sanctions.'" (D.I. 146 at 23) (citation omitted) I observed that, although TI's proposed definition for the term "book" was reasonable, its definition for "printed" - to encompass "any configuration in which information is presented for direct human perception" - was "astonishingly broad." (*Id.*) . I then concluded that, "based on the record, and even in light of what TI proffer[ed] as a reasonable pre-suit investigation, TI was not 'objectively reasonable under the circumstances.'" (*Id.* at 24) Amazon was directed to submit for my review an accounting of its "reasonable attorney fees." (D.I. 147) Briefing again followed.

5. **Standard of Review.** Courts in the Third Circuit are directed to calculate attorney fees pursuant to the "lodestar" approach. *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000). The lodestar amount results from multiplying the amount of time reasonably expended by reasonable hourly rates. *Id.* The court may exclude from the lodestar calculation unnecessary hours or hours that lack proper documentation.

3

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing community market rates assist the court in determining a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing party bears the burden of establishing the reasonableness of both the time expended and the hourly rates. *Hensley*, 461 U.S. at 434; *Blum*, 465 U.S. at 895 n.11.

6. **Discussion.** I note at the outset that, having determined that attorney fees should be awarded to Amazon for TI's pursuit of the '407 patent, it remains my obligation to confirm that Amazon expended a reasonable amount of time in defending against the '407 patent. Although I appreciate the difficulties associated with segregating "precisely all of the fees and expenses [Amazon] incurred in defending itself against" the '407 patent as opposed to the '965 patent (D.I. 150 at 2), nevertheless, it is impossible for me to discern whether the fees requested are reasonable based on the record presented. Therefore, Amazon will be required to supplement its submission consistent with this order.

7. Even if all of the hours claimed by Amazon were expended as part of a reasonable defense effort, I am of the opinion that at least some of those fees are attributable to the delay in reaching the critical claim construction exercise under my old scheduling regime and should not be attributed to TI. Given the admitted difficulty in accounting for the "blended" litigation efforts vis a vis both patents at issue in this case, I decline to award any compensation for such hours.

8. In connection with Amazon's request that TI and its counsel be held "jointly and severally liable" for any fees awarded, I have never intimated that any sanctions

4

should be imposed against counsel.[1]  Amazon's request for such is denied.  (D.I. 150 at 4)

9. **Conclusion.**  Based on the record presented and the unusual procedural background of the case, I conclude that the only fees appropriately compensable under the sanction are those fees denoted by Amazon as "'407 specific" ($103,714.37) and those attributed by Amazon to the '407 claim construction exercise ($26,332.46).  After review of the relevant time sheets and a determination of reasonableness, I will issue a final order requiring reimbursement of such fees by TI.

United States District Judge

---

[1] I believe that such matters are best left for resolution between a party and its counsel, unless there is a showing of bad faith on the part of counsel, something which is undeniably absent here.

5