IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TECHNOLOGY INNOVATIONS, LLC,    )
                                )
            Plaintiff,          )
                                )
    v.                          ) Civ. No. 11-690-SLR
                                )
AMAZON.COM, INC.,               )
                                )
            Defendant.          )

## O R D E R

At Wilmington this 22nd day of October, 2014, having reviewed defendant's

motion for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 176) is granted to the extent that it has

become apparent that I need to clarify my reasoning with respect to the award of

attorney fees, but denied as to the relief requested, all for the reasons that follow:

1. **Standard of review.** A motion for reconsideration under Local Rule 7.1.5 is

the "functional equivalent" of a motion to alter or amend judgment under Federal Rule

of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d

Cir.1990). The standard for obtaining relief under Rule 59(e) is difficult to meet. The

purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to

present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v.

Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). A court should exercise its discretion to

alter or amend its judgment only if the movant demonstrates one of the following: (1) a

change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*.

2. **Analysis.** I start my analysis by admitting that I erred (and defendant was correct) in at least two respects as to the award of attorney fees in this case. Defendant was correct in the first instance when it moved to dismiss at the outset of the case. In this regard, addressing the merits of a potentially dispositive claim construction issue before too many resources are invested by either the parties or the court makes imminent sense in some cases and, indeed, I have made adjustments to my case management procedures to accommodate such requests in the future.

3. Second, and of more significance, I mistakenly took the case off course procedurally when I changed the characterization of the relief requested by defendant from that derived under 35 U.S.C. § 285[1] to that derived under Rule 11 of the Federal Rules of Civil Procedure.[2] More specifically, after the '407 patent had been withdrawn and an amended complaint filed by plaintiff, defendant responded with an amended answer and counterclaim seeking "sanctions under 35 U.S.C. § 285" on the grounds that the assertion of the '407 patent was frivolous and, thus, the case was deserving of "exceptional" status under § 285. (D.I. 83 at 13) Plaintiff filed a motion to dismiss the

---

[1]Section 285 provides that, "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party."

[2]Rule 11(c) provides, in part, that if, "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

2

counterclaim, arguing (*inter alia*) that it was not ripe for adjudication. (D.I. 88, 89)  I
agreed that the claim could not be adjudicated presently under § 285, consistent with
my understanding at the time.[3]  Rather than wait until the conclusion of the case,
however, I changed the analytical framework of the case *sua sponte* to Rule 11 and
ordered responsive papers to be filed. I did so in large measure because I failed to fully
appreciate  the distinction that should be made between the "fee-shifting" provisions of
§ 285 and the clear intent to impose "sanctions" under Rule 11,[4] a distinction made very
apparent by the Supreme Court in its recent opinion, *Octane Fitness, LLC v. ICON
Health & Fitness, Inc.,* 134 S. Ct. 1749 (2014).

4. Having given the matter further consideration, I agree with defendant's initial
position that the correct analytical framework for the relief sought was, and should have
remained, § 285, a conclusion consistent with both the ultimate timing of the resolution
(decided concomitantly with the entry of a summary judgment in favor of defendant as
to the '965 patent) and the facts at bar.  Under *Octane*, the Supreme Court described §
285 as imposing "one and only one constraint on district courts' discretion to award
attorney's fees in patent litigation:  The power is reserved for 'exceptional' cases."  134
S. Ct. at 1755-56.  Because the Patent Act does not define "exceptional," the Court
construed it "'in accordance with [its] ordinary meaning.'"  *Id.* at 1756 (citation omitted).
"In 1952, when Congress used the word in § 285 (and today, for that matter),

---

[3]That an award  of attorney fees pursuant to § 285 was not appropriate until a
final judgment had been entered.

[4]A distinction not recognized by defendant when it counterclaimed for "sanctions"
under § 285.

3

"'[e]xceptional' meant 'uncommon,' 'rare,' or 'not ordinary.'" *Id.* (citation omitted) In

support of its interpretation, the Court referred to an earlier interpretation of the term

"'exceptional' in the Lanham Act's identical fee-shifting provision, 15 U.S.C. § 1117(a),

to mean 'uncommon' or 'not run-of-the-mill.'" *Id.* The Court concluded that

> an "exceptional" case is simply one that stands out from others with respect
> to the substantive strength of a party's litigating position (considering both
> the governing law and the facts of the case) or the unreasonable manner
> in which the case was litigated. District courts may determine whether a
> case is "exceptional" in the case-by-case exercise of their discretion,
> considering the totality of the circumstances. As in the comparable context
> of the Copyright Act, "'[t]here is no precise rule or formula for making these
> determinations,' but instead equitable discretion should be exercised 'in light
> of the considerations we have identified.'"

134 S. Ct. at 1756 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).[5] In

addressing Rule 11, the Court expressly held that "sanctionable conduct is not the

appropriate benchmark" for § 285 cases. Under the standard announced in *Octane*, "a

district court may award fees in the rare case in which a party's unreasonable conduct -

while not necessarily independently sanctionable - is nonetheless so 'exceptional' as to

justify an award of fees." 134 S. Ct. at 1757.

5. **Conclusion.** Consistent with both the proper procedural posture of the issue

and the standard enunciated by the Supreme Court in *Octane*, I conclude that the

award of attorney fees to defendant previously approved by the court (and under the

reasoning previously employed by the court) shall be imposed against plaintiff,

---

[5]In *Fogerty*, the Supreme Court explained that, in determining whether to award
fees under a provision similar to § 285 in the Copyright Act, district courts could
consider a "nonexclusive" list of "factors," including "frivolousness, motivation, objective
unreasonableness (both in the factual and legal components of the case) and the need
in particular circumstances to advance considerations of compensation and
deterrence." 510 U.S. at 534, n.19.

Technology Innovations, LLC, not its counsel.

United States District Judge