IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-690-SLR |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of April, 2015, having reviewed the materials (D.I. 177, 178) submitted in response to the court's orders of July 23, 2014 and October 22, 2014 (D.I. 175,[1] 185);

IT IS ORDERED that plaintiff Technology Innovations, LLC ("TI") shall pay to defendant Amazon.com, Inc. ("Amazon") a total of $ 51,046.00 in attorney fees, with no reimbursement of expenses. More specifically, and consistent with the organization and explanation proffered by TI:

1. **Standard.** A prevailing party may be awarded those fees and expenses that were "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this regard, "[t]he most useful starting point for determining the amount of a reasonable fee

---

[1] "Based on the record presented and the unusual procedural background of this case, I conclude that the only fees appropriately compensable under the ["sanction"] are those fees denoted by Amazon as "407 specific' ($103,714.37) and those attributed by Amazon to the '407 claim construction exercise ($26,332.46). **After review of the relevant time sheets and a determination of reasonableness,** I will issue a final order requiring reimbursement of such fees by TI." (D.I. 175 at 5) (emphasis added)

is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* With respect to the time claimed, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. *See also McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) (a court "should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed."). With respect to the appropriate hourly rate, "[t]he forum-rate rule holds that 'in most cases, the relevant rate [for calculating attorney fees] is the prevailing rate in the forum of the litigation.'" *Interfaith Cmty Org. v. Honeywell Inte'l, Inc.*, 726 F.3d 403, 413 (3d Cir. 2013). The court "has discretion in determining the amount of a fee award." *Hensley*, 461 U.S. at 437. "[T]he burden remains on the party requesting the fee to prove its reasonableness." *Interfaith Cmty Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 713 (3d Cir. 2005).

2. **Category 1: Amazon's motions to dismiss the '407 patent and for sanctions**. The court finds that it should not take 12 timekeepers a total of 106.45 hours at a cost of $45,542 to produce 28 pages of briefing, especially at the level of experience reflected by the hourly rates billed. The court will award half that amount, or $22,771.00, for this category of fees.

3. **Category 2: Invalidity contentions.** The court has no basis to award a $470 hourly rate to a third-year associate. Therefore, the court will reduce the requested amount as suggested by TI, to $7,275 based on an hourly rate of $250 an hour.

2

4. **Category 3: Amazon's opposition to TI's attempt to file an amended complaint to withdraw the '407 patent.** Given that the court granted TI's motion to file an amended complaint, no fees will be awarded to Amazon in this regard.

5. **Category 4: Amazon's counterclaim.** Given that the court granted TI's motion to dismiss, no fees will be awarded to Amazon in this regard.

6. **Category 5: Amazon's reply to show cause order.** Once again, the court finds that it should not take 11 timekeepers a total of 83 hours at a cost of $42,000 to produce one 10-page brief, especially at the level of experience reflected by the hourly rates billed. The court will award half that amount, or $21,000.00, for this category of fees.

7. **Category 6: *Markman* process.** Ironically, the court allowed Amazon to brief claim construction in connection with the '407 patent in order to determine whether any of the statutory fee-shifting or sanction provisions should be applied to the facts of this case. In other words, the '407 claim construction exercise did not move the case forward or benefit anyone other than Amazon. With this in mind, and with the court being unable to discern from the record what hours truly were '407 patent specific, the court declines to award attorney fees against TI for a proceeding it opposed.

8. **Category 7: Expenses.** The court will award no expenses to Amazon, as the record does not reflect clearly enough how any of the expenses for which Amazon seeks reimbursement were '407 patent specific.

9. **Conclusion.** Based on the above reasoning, and consistent with the court's

3

previous orders, the court grants Amazon a total of $51,046.00 in attorney fees.

                                                  /s/ Sue L. Robinson
                                                  United States District Judge